**Johnnie L. WEBSTER, Plaintiff,**

v.

**SPRAYING SYSTEMS COMPANY, Defendant.**

**No. 85 C 4708.**

United States District Court, N.D. Illinois, E.D.

July 7, 1989.

Brenda A. Szeja, Chicago, Ill., for plaintiff.

George L. Plumb, Marilee Roberg, Pedersen & Houpt, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff Johnnie L. Webster has asked us to reconsider or clarify our order of June 6, 1988, dismissing his motion to vacate certain orders entered by Magistrate James T. Balog. As we explained in our June 6 order, the parties consented to proceed before Magistrate Balog under 28 U.S.C. § 636(c)(1). At the time they consented to proceed before a magistrate, the parties might have chosen, under 28 U.S.C. § 636(c)(4), to have any appeal from the magistrate's judgment heard by a judge of the district court. However, they did not choose this option on the consent to proceed form and therefore, under 28 U.S.C. § 636(c)(3), any appeal must be to the Seventh Circuit. Since the motion to dismiss was improperly before us, we dismissed it.

Webster complains, however, that he attempted to appeal to the Seventh Circuit previously; because that Court, in an order dated January 18, 1989, strongly suggested that it had no jurisdiction, Webster dismissed his appeal before the Seventh Circuit and brought his motion to vacate before us. Since we dismissed his motion to vacate, Webster has no forum in which to appeal Magistrate Balog's orders. Because he believes he deserves a "day in court," Webster asks us to reconsider our earlier decision.

However, Webster seems to misunderstand both the Seventh Circuit's January 18 order and the requirements of appellate jurisdiction. In general, there must be a "judgment" or "final decision" before an appeal may be taken. This is true whether the party seeks an appeal from a district court judge to the court of appeals, 28 U.S.C. § 1291 ("final decision[ ]"), from a magistrate to the court of appeals, *id.* § 636(c)(3) ("judgment"), or from a magistrate to a judge of the district court, *id.* § 636(c)(4). Ordinarily, final decisions take the form of a Rule 58 final judgment, al-

though this document is not an absolute requirement. *See Cleaver v. Elias,* 852 F.2d 266, 267 (7th Cir.1988) ("[A]n appeal is possible in the absence of [a Rule 58 final judgment] only if the district court clearly has disposed of all pending matters."). It is not for us to decide, but it appears to us, as it appeared to the Seventh Circuit, that Magistrate Balog has not "disposed of all pending matters"; his orders merely deny Webster's motion to amend and leave the original complaint to be decided. Until that is done, an appeal does not lie—clearly not to this Court, since the parties chose not to appeal to us, and probably not to the Seventh Circuit. (We say "probably" because certain interlocutory orders are appealable. *See generally* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3920 at 5 (1977).)

█ One final point. Webster's counsel may have been confused by the Seventh Circuit's use of the term "district court," and may have thought that a judge of the district court had to enter any final judgment. This is not so. Under 28 U.S.C. § 636(c)(1), once the parties consent to proceed before the magistrate, it is for the magistrate to enter any judgment. Thus, we cannot, as Webster requests, "enter an Order of such form as is required for the Court of Appeals to entertain Plaintiff's appeal."

In short, Webster may deserve his "day" in an appellate court, but that day will come, if ever, only after Magistrate Balog has resolved all issues pending before him and only in the Seventh Circuit. Accordingly, Webster's motion to reconsider is denied. It is so ordered.