**ATLANTIC MUTUAL INSURANCE COMPANY, a foreign corporation, and Tacoma Boatbuilding Co., Inc., a foreign corporation, Plaintiffs,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

**No. 92–C–481.**

United States District Court, E.D. Wisconsin.

Aug. 5, 1992.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On March 27, 1992, the plaintiffs, Atlantic Mutual Insurance Co. and Tacoma Boatbuilding Co., commenced this action against the defendant, Northwest Airlines, Inc., in the circuit court for Milwaukee county. The plaintiffs alleged that certain of their machinery components—"speed reducers"—were damaged as a result of the defendant's negligence during the air transport of the components from Milwaukee to Taipei, Taiwan. (Complaint at Ex. A.) On May 1, 1992, the defendant removed the action to this court on the ground that the action is founded on a claim or right arising out of a treaty to which the United States is a party—the Convention for the Unification of Certain Rules Relating to International Transportation by Air, commonly known as the Warsaw Convention—and thus, involves a federal question. *See* 28 U.S.C. §§ 1331 and 1441; 49 Stat. 3000 (1934), *reprinted in* 49 U.S.C.App. § 1502 note (1976).

Presently before the court is the plaintiffs' motion to remand the action to the circuit court for Milwaukee county. For the following reasons, the plaintiffs' motion will be denied.

### I.

The plaintiffs contend that the action should be remanded because the court lacks subject matter jurisdiction. Specifically, the plaintiffs argue that the Warsaw Convention does not apply to this action because the flight transporting the plaintiff's machinery components was not destined to a country that is a party to the convention.

■ In a removal action, a district court is required to remand a case to state court if it determines, any time before final judgment, that it lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c). Where the subject matter jurisdiction of the court is challenged, the party seeking to invoke jurisdiction has the burden to demonstrate that the jurisdictional allega-

Cook & Franke by Dennis M. Cook and Thomas J. Lonzo, Milwaukee, Wis., for plaintiffs.

Belgrade & O'Donnell by Steven B. Belgrade and Daniel G. Wills, Chicago, Ill. and Herbon, McLaughlin & Herbon by Geoffrey M. Herbon and Ellis R. Herbon, Milwaukee, Wis., for defendant.

tions are supported by competent proof. *See Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979).

## II.

### A.

■ As a preliminary matter, the plaintiffs invite the court to "disregard" the supplemental authority cited by the defendant in its "Supplemental Citation to Additional Authority in Support of Defendant's Petition for Removal and In Opposition to Plaintiff's [sic] Motion to Remand." Notably, the plaintiffs have not filed a motion to strike the defendant's supplemental filing. The plaintiffs argue that such material should not be considered by the court because the defendant's supplemental filing was not timely filed under Local Rule 6, Section 6.01.

Because the court's own research had uncovered the authority cited by the defendant in its supplemental filing, the court will not accept the plaintiffs' invitation to disregard the authority despite the untimeliness of the defendant's submission.

### B.

The defendant alleges that federal subject matter jurisdiction is proper because the action involves a claim arising out of the Warsaw Convention. The Warsaw Convention applies to "international transportation" which is defined as

> any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

49 U.S.C.App. § 1502, note Art. 1.

■ In other words, the convention is applicable where (1) the contract of trans-

portation (*e.g.*, a plane ticket) involves travel from one "High Contracting" party. to another, or (2) the contract of transportation provides for "travel from a High Contracting party, for stops abroad, and then for a return to the same High Contracting party." *Lee v. China Airlines, Ltd.*, 669 F.Supp. 979, 980 (C.D.Cal.1987). Under Article 38 of the convention, a "High Contracting" party is a state which is an original signatory to the convention or one which ratified the convention or filed declarations of adherence to the convention after it went into force. 49 U.S.C.App. § 1502, note Art. 38. Further, a declaration of adherence to the convention by a state may include colonies or territories of that state. *See* 49 U.S.C.App. § 1502, note Art. 40.

■ In the present action, the contract—an "air waybill"—provided for transportation from Milwaukee, Wisconsin, to Taipei, Taiwan. It is uncontested that the United States has been a party to the Warsaw Convention since July 31, 1934, when it ratified the convention. *See* Shawcross & Beaumont, *Air Law*, App. at 21 (4th ed. 1992). Clearly, the place of departure, Milwaukee, Wisconsin, is "situated in" a territory that is a party to the convention; however, the convention provides a basis for federal subject matter jurisdiction in this particular action only if Taipei, Taiwan—the place of destination—also is a party to the convention.

The resolution of that question requires an examination of the controversial history of Taiwan's status in the world community. Since 1949 to the present, two governments—the Republic of China and the People's Republic of China [PRC]—claim to be the sole legitimate government of "China," which both governments agree is comprised of mainland China *and* Taiwan. *See* 29 The New Encyclopedia Britannica, at 387 (15th ed. 1991). In reality, the Republic of China retains control only over the island of Taiwan while the PRC retains control over the mainland; neither government has asserted that they are two separate countries. *See N.Y. Chinese TV Programs v. U.E. Enterprises*, 954 F.2d 847,

850 (2nd Cir.1992) (court of appeals affirmed the finding by the district court that the Treaty of Friendship, Commerce and Navigation, entered into between the United States and Taiwan was valid).

The world community was compelled to determine whether the Republic of China or the PRC would receive formal recognition as the legitimate government of China. On December 30, 1978, the United States formally recognized the PRC as the sole government of China, in its entirety, and withdrew recognition from the Republic of China. *See* President's Memorandum for All Departments and Agencies: Relations With the People of Taiwan, *reprinted in* 1979 U.S.Code Cong. & Admin.News 36, 75. Over 100 other nations and the United Nations have done the same. *See N.Y. Chinese TV Programs*, 954 F.2d at 850.

### III.

Taiwan, *in its own name*, is not an original signatory to the convention, nor has it, in its own name, ratified or adhered to the convention since the convention went into force. The plaintiffs contend, without substantiation, that this fact alone means that Taiwan is not a party to the convention.

In response, the defendants argue that Taiwan is a party to the convention because the PRC, of which Taiwan is a part, is a party to the convention. In support of its jurisdictional allegations, the defendant points to the declaration made by the PRC when it ratified the convention in July 1958, which states that the convention "shall of course apply to the entire Chinese territory *including Taiwan.*" *See* 2 Shawcross and Beaumont, *Air Law*, App. 16–21, n. 8 (4th ed. 1992) (emphasis added). Further, the defendant argues that the recognition of the PRC as the sole government of *China* by the United States, the United Nations and over 100 other nations legitimizes this declaration despite the continued existence of the Republic of China.

Insofar as the executive branch of the United States has formally recognized the PRC as the legitimate government of China, the court finds that there is competent proof to support the defendant's jurisdictional allegations. Moreover, at least one other court, although in dictum, concluded that the Warsaw Convention applies to Taiwan, *see Lee*, 669 F.Supp. at 980. The court has not uncovered any cases which hold to the contrary.

To the extent that the plaintiff's motion asks this court to review the executive branch's recognition of the PRC as the sole government of *China*, the court is not vested with the power to do so. *See United States v. Pink*, 315 U.S. 203, 229, 62 S.Ct. 552, 86 L.Ed. 796 (1942) (what government, if any, is representative of a foreign state is a question to be determined by the political department, and is beyond the purview of judicial review).

Accordingly, because the court concludes that Taiwan is part of the PRC, and thus, is a party to the Warsaw Convention, federal subject matter jurisdiction exists over this action.

Therefore, IT IS ORDERED that the plaintiffs' motion to remand to the circuit court for Milwaukee county be and hereby is denied, with costs.