**ATLANTIC MUTUAL INSURANCE COMPANY and Tacoma Boatbuilding Company, Inc., Plaintiffs,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

No. 92–C–481.

United States District Court, E.D. Wisconsin.

July 27, 1993.

---

4. Because it does not impact the outcome in this case, this Court does not address whether the decreased annuity payments are also a benefit based on the separate account.

No appearance in connection with appeal by plaintiffs.

Berliner, Corcoran & Rowe by Thomas G. Corcoran, Jr., Washington, DC, Samuel Becker, Walsh & Keating by David C. Keating, Milwaukee, WI, for Coordination Council for North American Affairs (intervenor).

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On March 27, 1992, the plaintiffs, Atlantic Mutual Insurance Company and Tacoma Boatbuilding Company, Inc., commenced this action against the defendant, Northwest Airlines, Inc., in the circuit court for Milwaukee county. On May 1, 1992, the defendant removed the action to this court. By decision and order of August 5, 1992, I denied the plaintiffs' motion to remand the action to the circuit court for Milwaukee county.

Subsequently, the parties consented to have United States Magistrate Judge Robert L. Bittner conduct all further proceedings in this action pursuant to 28 U.S.C. § 636(c) and Local Rule 13, Section 13.05(a). Based on the consent of the parties, I reassigned this case to Magistrate Judge Bittner.

Presently before this court is a "Notice of Appeal Pursuant to Local Rule 13.02(b)" filed by the Coordination Counsel for North American Affairs [CCNAA], a proposed intervenor in the above-captioned action. The notice of appeal seeks review by this court of Magistrate Judge Bittner's denial of CCNAA's (1) motion for intervention of right pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure, (2) motion for permissive intervention pursuant to Rule 24(b)(2), Federal Rules of Civil Procedure, and (3) motion for leave to file a brief in this matter as amicus curiae.

Local Rule 13.02(b), which CCNAA cites in support of its present right to appeal, along with 28 U.S.C. § 636(b)(1)(A), provides a basis to appeal a magistrate judge's determination to a district judge only where the magistrate judge's jurisdiction to rule on the particular matter is pursuant to designation by a district judge. *See* 28 U.S.C. § 636(b)(1)(A) (a district judge may designate a magistrate judge to hear and deter-

mine any pretrial matter pending before the court, other than the specific matters enumerated under the statute).

■ However, in the present action, Magistrate Judge Bittner's jurisdiction to rule on the motions at issue is derived from his authority to conduct *all* proceedings in this civil action because the parties consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c). Thus, contrary to the suggestion of CCNAA, Local Rule 13.02(b) does not grant a non-party the right to appeal Magistrate Judge Bittner's determinations in the case at hand.

■ Where, as here, the magistrate judge has jurisdiction pursuant to the consent of the parties, an appeal of a magistrate judge's final order or judgment to a district judge may be taken only where the parties consent, at the time of reference of the case to the magistrate judge, to appeal to a judge of the district court. 28 U.S.C. § 636(c)(4); Local Rule 13, Section 13.05(c). Without such consent, the proper route is for an aggrieved party to appeal directly to the court of appeals in the same manner as an appeal from any judgment of a district court. 28 U.S.C. § 636(c)(3); Rule 73(c), Federal Rules of Civil Procedure; Local Rule 13, Section 13.05(b).

A review of the consent forms completed by the parties in this case reveals that the parties did not consent to appeal the magistrate judge's final order or judgment to a judge of the district court. Hence, in the absence of consent of the parties to appeal the decision of the magistrate judge to a judge of the district court, this court has no jurisdiction over CCNAA's appeal. *Freeman v. Petsock*, 820 F.2d 628, 630 (3rd Cir.1987); *Webster v. Spraying Systems Company*, 727 F.Supp. 381 (N.D.Ill.1989). The appropriate appeal route is to the court of appeals for the seventh circuit as a matter of right. Rule 73(c), Federal Rules of Civil Procedure. Accordingly, CCNAA's appeal will be dismissed.

Therefore, IT IS ORDERED that the appeal of the Coordination Council for North American Affairs be and hereby is dismissed.