COORDINATION COUNCIL FOR
NORTH AMERICAN AFFAIRS,
Plaintiff,

v.

NORTHWEST AIRLINES,
INC., Defendant.

Civ. A. No. 94–1766.

United States District Court,
District of Columbia.

July 10, 1995.

---

Thomas G. Corcoran, Jr., Berliner, Corcoran & Rowe, Washington, DC, for plaintiff.

Steven B. Belgrade, Belgrade and O'Donnell, Chicago, IL, Richard Streeter, Barnes & Thornburg, Washington, DC, for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Before the Court is defendant Northwest Airlines' ("Northwest") motion to dismiss. Plaintiff Coordination Council for North American Affairs ("CCNAA") represents the interests of the Republic of China, known commonly as "Taiwan", in the United States. *See* Taiwan Relations Act, 22 U.S.C. §§ 3301–16 (CCNAA treated under United States law as if it were foreign state). Plaintiff attempts through this action to enjoin Northwest from applying the Convention of Certain Rules Relating to International Transportation by Air (hereafter "Warsaw Convention"), 49 U.S.C. § 1502 note, to damage claims arising from flights to and from Taiwan. Because the government of Taiwan has not signed the Warsaw Convention, this treaty applies to Taiwan only if it is considered a province of the People's Republic of China ("PRC"). CCNAA objects to this interpretation, which it sees as an attempt to apply the laws of "Communist China" to

Taiwan. Plaintiff's opposition, p. 4. Northwest moves to dismiss on grounds that there is no pending damage claim stemming from Northwest's Taiwan services and that any ruling by this Court would amount to an advisory opinion. Upon consideration of the matter, the Court agrees with defendant and grants Northwest's motion to dismiss.

## I. Background

CCNAA alleges that it first became aware of Northwest's policy of applying the Warsaw Convention to claims on Taiwan flights in March 1993. This was more than a year after a district court in Wisconsin held that Taiwan was in fact a province of the PRC and therefore subject to the PRC's acceptance of the Warsaw Convention. *Atlantic Mutual Ins. v. Northwest Airlines, Inc.,* 796 F.Supp. 1188 (E.D.Wis.1992). CCNAA belatedly tried to intervene, but was rebuffed at both the trial level and on appeal. 829 F.Supp. 1066 (E.D.Wis.1993), *aff'd,* 24 F.3d 958 (7th Cir.1994). The Seventh Circuit rejected CCNAA's claim that it has no way to learn of such suits until after the fact. "Would-be litigants who want to protect far-flung and abstract interests cannot wait for notice, however, but must take prudent steps to acquire knowledge." *Id.* at 961. The Court continued "[CCNAA] therefore must take its disagreement with [the district court's decision] to the forums where other disputes lie in the balance.... The subject is open to decision in a case where it matters to the outcome." *Id.* at 962.

Rather than waiting for another claim arising from goods damaged in transit on a Northwest flight,[1] CCNAA now brings suit in this Court seeking two forms of relief: (1) an order requiring Northwest to inform CCNAA whenever the airline tries in the future to apply the Warsaw Convention to claims for damages from its Taiwan service, and (2) a declaratory judgment prohibiting Northwest from applying the Warsaw Convention to future claims from Taiwan flights. Complaint, p. 6. CCNAA brings suit, not to prosecute any claim it might have as a ship-per of goods on Northwest, but to protect both its interests as a sovereign and the interests of its citizens as *parens patriae* (literally meaning "parent of the country").

## II. Analysis

In viewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. *Shear v. National Rifle Ass'n,* 606 F.2d 1251, 1253 (D.C.Cir.1979). The plaintiff is entitled to all favorable inferences which may be drawn from those allegations. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### A. Case or Controversy.

The ability of the Court to reach the merits of plaintiff's claims is tempered by the justiciability considerations so fundamental to the federal judicial system. A controversy must exist between the parties that is

definite and concrete, touching the legal relations of parties having adverse legal interests.... It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). The weaknesses in plaintiff's claim for relief are evident even from this generalized definition.

Stripped of all pretensions, CCNAA seeks a declaratory judgment holding that Taiwan is not a province of the PRC, and hence is not a signatory to the Warsaw Convention. CCNAA then petitions the Court to require Northwest to abide by this

---

1. We rejected CCNAA's discovery requests seeking information on pending damage claims against Northwest. However, we accept for purposes of this motion that Northwest will adhere to its Warsaw Convention interpretation in the future. We similarly presume that Northwest customers have pending claims or will in the future bring claims against Northwest for damage incurred on its flights to and from Taiwan.

declaration in future suits. Plaintiff is concerned that two courts have now concluded that the Warsaw Convention applies to Taiwan. *Atlantic Mut.; Lee v. China Airlines Ltd.*, 669 F.Supp. 979 (C.D.Cal.1987). CCNAA evidently fears that Northwest will persuade other courts to accept that view. Concern over the contents of future judicial opinions, however, is not the basis for a controversy. Opinions are the byproducts rather than the stakes of litigation. *Atlantic Mut.*, 24 F.3d at 961.

At present there is merely a disagreement without injury. Any injury caused by the *Atlantic Mut.* decision is moot—that case is no longer active. Any future claims which might arise are not ripe for review. Even if such claims presently exist, they must be addressed in the applicable jurisdictions, and not here in the District of Columbia. An attempt by this Court to decide them would represent a wholly unwarranted example of judicial overreach. CCNAA argues that such claims represent controversies capable of repetition but escaping review because CCNAA is unlikely to discover the claims until after a decision has been rendered. This misses the mark. Such claims are not escaping review. Plaintiff is simply losing the opportunity to add its input. It is, however, not the Court's function to flag such cases so plaintiff can avoid its obligation to monitor legal developments around the United States.[2] With or without plaintiff's intervention, the cases in other jurisdictions will proceed to judgment.

**B.** *CCNAA's standing to bring suit.*

■ The Court notes that in addition to the problems noted above, CCNAA lacks standing to bring this action. The Supreme Court articulated the test for whether a plaintiff has standing in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136–37, 119 L.Ed.2d 351 (1992). It held that (1) plaintiff must have suffered an "injury in fact," (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury will be redressed by a decision in plaintiff's favor. *Id.* The burden of establishing these three elements falls upon the party invoking federal jurisdiction. *Id.* CCNAA believes that it meets the first prong of this test because it seeks relief for injuries it suffered as sovereign, and for injuries to its people whom it represents as *parens patriae.*[3] *See Support Ministries v. Village of Waterford*, 799 F.Supp. 272, 278 (N.D.N.Y.1992) (valid *parens patriae* claim satisfies "injury in fact" standing requirement). Assuming *arguendo* that this is true, plaintiff must still meet the other elements of standing. We conclude that CCNAA cannot meet the requirement of *Lujan*'s third prong that the likelihood exists that the injury will be redressed by a decision in plaintiff's favor.

■ The relief plaintiff seeks here is a declaratory judgment. Two criteria ordinarily relied upon to determine whether a court should, in its discretion, grant a declaratory judgment are: (1) whether the judgment will "serve a useful purpose in clarifying the legal relations in issue" or (2) whether the judgment will "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *President v.*

---

2. As a practical matter, a court would probably rule on the applicability of the Warsaw Convention early in litigation because the Convention confers federal jurisdiction. By monitoring electronic databases, as suggested by the Seventh Circuit, plaintiff might discover claims against Northwest early enough to petition the proper court. *Atlantic Mut.*, 24 F.3d at 961.

3. Traditionally, states have had the authority to act *parens patriae* on behalf of their citizens when they seek to protect a set of interests states have in their citizens' well being. *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982). Foreign sovereigns are equally entitled to protect their citizens and may claim *parens patriae* standing to the same extent as a state. *C.f. Pfizer, Inc. v. Lord*, 522 F.2d 612 (8th Cir.1975), *cert. denied*, 424 U.S. 950, 96 S.Ct. 1421, 1422, 47 L.Ed.2d 356 (1976); *see also* Note, *Parens Patriae and the Union Carbide Case: The Disaster at Bhopal Continues*, 21 Cornell Int'l L.J. 181, 187 n. 44 (1988). The state or foreign sovereign "must articulate an interest apart from the interests of a particular private individual." *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir.1991) (quoting *Alfred L. Snapp*, 458 U.S. at 600, 607, 102 S.Ct. at 3265, 3268–69); *Com. of Pa., by Shapp v. Kleppe*, 533 F.2d 668, 675 (D.C.Cir.), *cert. denied*, 429 U.S. 977, 97 S.Ct. 485, 50 L.Ed.2d 584 (1976).

*Vance,* 627 F.2d 353, 364 n. 76 (D.C.Cir. 1980); *see also* Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff suggests that

> [i]t is hard to imagine a more pervasive harm to the people who live on Taiwan than the acceptance of the principle that the laws that should apply to them are laws chosen by a government in which they have no representation that is a Communist dictatorship.[4]

Supplemental opposition, p. 7. However, this Court is powerless to remedy this harm in a meaningful way. We are not the general arbiters of treaties such as the Warsaw Convention. Nor is any decision by this Court binding on any other court or the parties in any other case. Were we to side with plaintiff on the merits, any future court would be entirely free to disregard our decision and once again hold that Taiwan is a province of the PRC. All CCNAA can hope to secure from this Court is a "gag order" preventing Northwest from asserting the applicability of the Warsaw Convention in future cases. Issuance of such an order would be inappropriate. There is no standing in this case since the Court cannot redress plaintiff's alleged injury.

### III. *Conclusion*

The Court is without jurisdiction to consider the merits of this action. Jurisdiction is lacking both because there is no case or controversy pending, and because standing is absent since the Court lacks authority to redress the alleged injury. Defendant Northwest's motion to dismiss is granted.

An order in accordance with this opinion has been issued this date.

### *ORDER*

Upon consideration of defendant Northwest Airlines' motion to dismiss, plaintiff's opposition and supplemental opposition, and defendant's reply and sur-reply, it is this 6th day of July, 1995, hereby

ORDERED that defendant's motion to dismiss the amended complaint is granted; and it is

ORDERED that this case is dismissed.

---

4. CCNAA also makes clear that its goal is to "ensur[e] that the domestic aviation law of Taiwan, rather than the less favorable laws of Communist China, are applied in appropriate cases." Opposition, p. 35.