**Firoz JALIWALA, doing business as Colorgem, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant,**

and

**Five Oceans Gem Corporation and Bretislav Stasny, Intervening Defendants–Appellants.**

**No. 90–2367.**

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1991.

Decided Oct. 9, 1991.

222

Peter L. Obremskey (argued), Parr, Richey, Obremskey & Morton, Lebanon, Ind., for plaintiff-appellee.

Elliot D. Levin, Indianapolis, Ind., Mark L. Rosenfeld (argued), New York City, Christopher E. Baker, Rubin & Levin, Indianapolis, Ind., for defendants-appellants.

Before EASTERBROOK, MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

The FBI had been investigating Morton Dock, a gem dealer, for embezzlement of precious jewels. During the investigation the government recovered from Five Oceans Gem Corporation a cache of jewels the company had purchased from Dock. Firoz Jaliwala, one of the apparent victims of the embezzlement, brought a replevin action against the United States to recover the gemstones he claimed were his. Five Oceans intervened claiming that it bought the gems from Dock in good faith and thus had a superior interest in them.

Before Five Oceans intervened, both Jaliwala and the United States consented to a bench trial by a U.S. Magistrate–Judge in the Southern District of Indiana. The magistrate-judge awarded the stones to Jaliwala. We hold that because Five Oceans and co-intervening defendant Bretislav Stasny did not expressly consent to the entry of final judgment by the magistrate-judge, this court has no jurisdiction to hear the appeal.

A. *Facts*

Because of the procedural deficiency we encounter here, the facts, while interesting, are not dispositive. Nevertheless, to keep things in context, we will cover them briefly.

In February of 1984, Morton Dock, a locally-known jewel merchant, struck an agreement with an agent of Firoz Jaliwala, an international jewel trader based in Indianapolis, Indiana, to supposedly sell a cache of Jaliwala's gems to a jewelry shop in Winchester, Indiana. Unknown to Jaliwala, Dock instead took the gems to New York City where he negotiated for their sale with Wah Fu Wang, Chairman of Five Oceans, a New York corporation engaged in the buying and selling of precious stones. Wang met with Dock and referred him to Bretislav Stasny, who had expertise in appraising the kind of precious gems Dock had in his possession. After the appraisal, Stasny and Wang decided to purchase Dock's gemstones as a partnership for $132,000.

A year later, the FBI contacted Five Oceans about Dock and his sale of Jaliwala's jewels. Five Oceans received a subpoena *duces tecum* ordering Five Oceans to surrender to the investigating U.S. Attorney any remaining stones from the cache purchased from Dock. Five Oceans and Stasny complied with the subpoena and delivered to the FBI the unsold balance of the gemstones. Ultimately, the investigation yielded an indictment against Dock charging him with numerous counts of fraud and embezzlement and for his scheme and artifice to defraud Jaliwala. Dock died "by his own hand" as law enforcement officers were closing in on him for arrest and prosecution.

Jaliwala commenced a replevin action in U.S. District Court for the Southern District of Indiana against the United States to recover all of the gemstones which were recovered from Five Oceans and in the possession of the FBI. The U.S. Attorney's motion to have all the gems deposited with the district court was granted. The court also granted Five Oceans' motion to intervene in the action under Fed.R.Civ.P. 24(a). Five Oceans claimed free and clear title to the gems under Indiana's Uniform Commercial Code.

This matter came before the U.S. Magistrate–Judge, by Jaliwala's written consent dated April 23, 1986. The United States, then the sole defendant, filed its written consent on July 10, 1986. On July 28, 1986, Five Oceans moved to intervene, but did not file a consent to submit the case to the magistrate-judge. At the trial's inception, the United States was formally dropped as a nominal defendant, and at some point Stasny was also included as an intervening party defendant. The magistrate-judge entered judgment in Jaliwala's favor granting him possession of the jewels that had been deposited into court. In addition, Jaliwala was awarded $160,000,371.44 representing the value of the gems absconded by Dock and sold by Five Oceans. Stasny and Five Oceans never filed a written consent to the magistrate's entry of a final judgment nor did they make an explicit expression in court registering their consent to the mag-

istrate-judge's entry of final judgment on this matter.

## B. *Discussion*

 We do not have jurisdiction over this appeal. The courts of appeals have jurisdiction over the final judgments of the district courts. 28 U.S.C. § 1291. Magistrate-judges do not have the power to enter a final appealable judgment unless the district court properly refers the case to the magistrate and the parties consent to the magistrate entering final judgment. 28 U.S.C. § 636(c)(1). The record in this case contains no reference to Five Oceans' or Stasny's consents to having the magistrate enter final judgment. The intervenors did not consent either orally or in writing before trial, see *Silberstein v. Silberstein,* 859 F.2d 40 (7th Cir.1988); and *Lovelace v. Dall,* 820 F.2d 223, 225–26 (7th Cir.1987) (per curiam), nor did they even stipulate *after* judgment that they had previously consented to the magistrate's entering judgment, see *King v. Ionization International, Inc.,* 825 F.2d 1180, 1185 (7th Cir. 1987). Confirming our review of the record, Five Oceans' attorney admitted during oral argument that:

> [t]here is no statement in the record where Five Oceans say we formally herein consent to this action being tried by the U.S. Magistrate....

> \* \* \* \* \* \*

We note that there was no written consent as was apparently signed by Jaliwala signed by Five Oceans and Stasny. Without consent, the magistrate had no power to enter an appealable final judgment.

Both attorneys were surprised at the disclosure of the defect. During the questioning, Five Oceans' attorney tried to explain that their consent to the entry of judgment can be implied by their response (or rather acquiescence) to a condition set out by the magistrate-judge in a footnote to an order it issued granting partial summary judgment to Five Oceans. The condition reads:

> [Jaliwala] signed and filed a form consenting to the Magistrate on April 23, 1986. The United States, as the sole

defendant at that time, consented on July 10, 1986. The Honorable James E. Noland, United States District Judge, issued an order referring this case to the Magistrate on July 14, 1986. Intervenor–Defendant Five Oceans Gem Corp. filed a motion to intervene in this action on July 28, 1986. Although Intervenor–Defendant has never signed one of the standard consent forms used in this District, *its actions hitherto evidence consent to the Magistrate. Unless Intervenor–Defendant objects within ten (10) days of the issuance of this order, this will be treated as the Court's order;* should Five Oceans Gem Corp. object to the Magistrate's conducting all proceedings in this case, this order should be treated as a recommendation to the Court. The parties will then have ten (10) days from the time of the objection by Five Oceans to file specific objections to the Magistrate's recommended decision. (Emphasis added.)

Since Five Oceans did not object to the "magistrate's conducting all proceedings in this case," the court and Five Oceans apparently treated the decision as a judgment to which Five Oceans' consent was indicated by "its actions." When the magistrate-judge issued the partial summary judgment and this "condition," Stasny apparently had not yet intervened.[1] This conditional or implied consent is inconsistent with what this court requires to evince a party's consent to have the magistrate enter a final judgment.

> The consent required under 28 U.S.C. § 636(c) must be "clear and unambiguous." The consent must be explicit *and cannot be inferred from the conduct of the parties.* Of course, such consent must be voluntarily given. These standards regarding the validity of the consent must be carefully observed, for as we have previously noted valid consent is the linchpin of the constitutionality of 28 U.S.C. § 636(c). (Emphasis added.)

*Lovelace v. Dall,* 820 F.2d at 225 (citing *Adams v. Heckler,* 794 F.2d 303, 306–07 (7th Cir.1986); *Geany v. Carlson,* 776 F.2d 140, 142 (7th Cir.1986)). "We have *thus* consistently refused to infer consent from the parties' conduct." *Silberstein,* 859 F.2d at 42 (emphasis added); see also *King,* 825 F.2d at 1185. "If the record does not contain the required express consent, we have no jurisdiction over the appeal from the magistrate's order." *Silberstein,* 859 F.2d at 42. "We see no virtue in 'permit[ting] our jurisdiction to depend on inferences where both the statute and common sense call for precision.'" *Id.* (citing *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982) (per curiam).

For the foregoing reasons, this court does not have appellate jurisdiction. Therefore, this appeal is

DISMISSED.

---

1. When Magistrate–Judge Foster entered partial summary judgment on July 21, 1989, Five Oceans was the only designated intervenor defendant. When Judge Foster entered the judgment which is now on appeal, Bretislav Stasny was also a designated intervenor defendant against whom the judgment was rendered. The record before us does not disclose when or how he intervened much less whether he consented to the disposition by the magistrate-judge.