996 F.2d 21
 25 Fed.R.Serv.3d 1203
 NEW YORK CHINESE TV PROGRAMS, INC., Plaintiff-Appellee,
v.
U.E. ENTERPRISES, INC.; Chan's Video & Trading, Inc.,
Dang's Video, Inc.; Po Yuen, Defendants-Appellees.
Gong Pictures, Inc.; Queens Video Ltd.; John Does, Defendants,
David Doo; Tehwa Mu; Steve Cheng, Applicants-Intervenors-Appellants.
 No. 721, Docket 92-7910.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 16, 1992.
Decided June 9, 1993.
 
 Richard E. Bennett, New York City, for applicants-intervenors-appellants.
 Howard A. Wintner, New York City (Berger Steingut Tarnoff & Stern, of counsel), for plaintiff-appellee.
 Before: FEINBERG, CARDAMONE, and PRATT, Circuit Judges.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 We must decide whether the importance of consent in the statutory system for plenary referrals to a magistrate judge under 28 U.S.C. § 636(c) requires that a district judge, and not the magistrate judge, make the final determination of applicants' motion to intervene as of right when the case has been referred for all proceedings to a magistrate judge on the consent of the original parties.
 
 FACTS AND BACKGROUND
 
 2
 This litigation began in 1988 when New York Chinese TV Programs, Inc. ("Chinese TV Programs") sued several importers of Chinese-language television programs for copyright infringement. Chinese TV Programs was then owned by five shareholders, each holding 20% of the shares of the corporation. At some point, not clear from the record, the parties all consented to a referral of the case for all proceedings to Magistrate Judge Kathleen A. Roberts. See 28 U.S.C. § 636(c)(1) (magistrate judge may conduct any or all proceedings "upon the consent of the parties"). A bench trial before the magistrate judge on the sole issue of defendants' liability for copyright infringement produced a decision for the plaintiff Chinese TV Programs on March 8, 1989.
 
 
 3
 After the liability trial, but before the trial on damages, Howard and Li W. Shih entered into an agreement to purchase 60 percent of the stock in plaintiff Chinese TV Programs from three of the shareholders, David Doo, Tehwa Mu, and Steven Cheng (hereinafter collectively referred to as "intervenors"). The Shihs and the "intervenors" dispute the precise contours of the agreement, but they do agree that the "intervenors" retained their right to share in any damages to be awarded in the copyright lawsuit. The "intervenors" explain that they retained an interest in the anticipated damages in order to pay off their sizable investment in financing the successful litigation. On July 5, 1991, the magistrate judge entered judgment awarding Chinese TV Programs damages and attorney's fees in the amount of $1,179,181.
 
 
 4
 It is at this point that the interests of the "intervenors" and the plaintiff corporation, now controlled by the Shihs, became adverse. When the defendants offered to settle with Chinese TV Programs for $700,000, the "intervenors" were unhappy with the offer, of which they were to receive only $250,000. Despite the "intervenors' " objections, however, counsel for Chinese TV Programs advised the magistrate judge and all defendants that the settlement offer had been accepted by his client.
 
 
 5
 At this point, the "intervenors" sought formally to intervene in the lawsuit. They first moved before this court on December 12, 1991, for leave to intervene as of right in the district court. See Fed.R.Civ.P. 24(a). At the time, the validity of the copyrights which Chinese TV Programs had sued upon was on appeal. See 954 F.2d 847 (2d Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 86, 121 L.Ed.2d 49 (1992). Determining that the motion should have been first made in the district court, we denied the motion "without prejudice to its renewal in the district court or before the magistrate". We held simply that the intervention application was not properly before the court of appeals; the order did not purport to resolve the issue now before us, that is, which of the two--the district judge or the magistrate judge--could decide the intervention motion. The "intervenors" accordingly brought their motion in the district court, which promptly referred it, over their objection, to Magistrate Judge Roberts. In a decision and order dated June 26, 1992, Magistrate Judge Roberts denied the "intervenors' " request for intervention.
 
 
 6
 The "intervenors" then appealed to Judge Sweet, treating the magistrate judge's order as a "report and recommendation" to the district court; they asked for the district court's de novo review of the order. See Fed.R.Civ.P. 72(a). Judge Sweet held that because the action had previously been referred to the magistrate judge for all proceedings under 28 U.S.C. § 636(c) without any consent under § 636(c)(4) to an appeal to the district court, the only appeal route for the intervenors was a direct appeal from the magistrate judge to the court of appeals. See Fed.R.Civ.P. 73(c) (appeal directly to court of appeals for matters on consensual referral to magistrate judge); see also 28 U.S.C. § 636(c)(3). Judge Sweet accordingly dismissed the appeal on the ground that he had no jurisdiction. Judge Sweet ruled:
 
 
 7
 These objections are dismissed for want of jurisdiction, the initial parties having consented to trial before the Magistrate for all purposes without providing for appeal to this Court. That reference is not disturbed by the effort of the objectors to intervene.
 
 
 8
 From this order, the "intervenors" appeal.
 
 ANALYSIS
 
 9
 The "intervenors" contend that the earlier consent of the original parties to refer the case for all proceedings to Magistrate Judge Roberts does not bind them. While they do not seek to retry the issues of liability and damages, the "intervenors" contend that the district judge, not the magistrate judge, must finally rule on their motion to intervene. Because this motion was referred to the magistrate judge over the "intervenors' " objection and without their consent, the "intervenors" contend that the magistrate judge had authority only to issue a report and recommendation to the district judge. Consequently, the "intervenors" argue, the district judge erred in holding he lacked jurisdiction to hear their objections. Because referral of the motion to intervene was nonconsensual, the "intervenors" maintain that rule 72--not 73(c)--provided the proper "appeal" route; and rule 72 directs the district court to conduct a de novo review of the motion and issue its own order. Fed.R.Civ.P. 72(b) (district court "shall make a de novo determination upon the record").
 
 
 10
 The district court's order dismissing the appeal presents a legal issue of jurisdiction which, on the appeal to this court, we review under a de novo standard. The critical role of consent in § 636(c) referrals to a magistrate judge dictates that we agree with the "intervenors".
 
 
 11
 Consent of all parties to be bound by a judgment of a magistrate judge is required by 28 U.S.C. § 636 and Fed.R.Civ.P. 73. Section 636 provides that a magistrate judge "[u]pon the consent of the parties * * * may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case". 28 U.S.C. § 636(c)(1). Rule 73 limits the power of the magistrate judge to conduct all the proceedings in a civil case to those cases "when all parties consent thereto". Subsection (b) of rule 73 further details the procedures for "consent", calling for
 
 
 12
 written notice to the parties of their opportunity to consent to the exercise by a magistrate of civil jurisdiction over the case * * *. If * * * the parties agree to a magistrate's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.
 
 
 13
 Id.
 
 
 14
 Thus, the statute and the rules establish procedures designed to ensure that a party's consent to be bound by the decisions of a magistrate judge is truly voluntary. Not only must the parties be notified in writing of their opportunity to consent to a trial before a magistrate judge, but the party's consent must also be in writing. Moreover, 28 U.S.C. § 636(c)(2) emphasizes that "[r]ules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent." Id.; see also Fed.R.Civ.P. 73(b) (stating "[n]o district judge, magistrate, or other court official shall attempt to persuade or induce a party to consent to a reference of a civil matter to a magistrate under this rule * * *.").
 
 
 15
 In short, the consent of each party is essential to the validity of the statutory system that allows a magistrate judge to make binding adjudications. See 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3077.2-3 (Supp.1987) (legislative history of Magistrate's Act and Fed.R.Civ.P. 73(a) indicates that voluntary consent of all parties--even those entering case at later stage--may be required to invoke jurisdictional provisions of § 636(c)); Caprera v. Jacobs, 790 F.2d 442, 446 (5th Cir.1986) (per curiam) (explicit consent to § 636(c)(1) referral required of all parties; original parties' consent did not bind defendants added to plaintiffs' complaint); Guess v. Chenault, 108 F.R.D. 446, 449-50 (N.D.Ind.1985) (newly added defendant objected to § 636(c)(1) referral to magistrate judge and was severed from proceedings).
 
 
 16
 Consent of all parties must be clear and express or the requirement would mean little. See, e.g., United States v. Bryson, 981 F.2d 720, 723 (4th Cir.1992) (consent to proceed before a magistrate judge must be clear, unequivocal, and unambiguous); Fowler v. Jones, 899 F.2d 1088, 1092 (11th Cir.1990) (express consent of parties required for magistrate to preside in § 636(c) referral); Hall v. Sharpe, 812 F.2d 644, 647 (11th Cir.1987) (consent cannot be inferred from conduct of parties). The eleventh circuit in Hall emphasized that
 
 
 17
 [e]xplicit, voluntary consent is crucial to this procedure, and was thought to obviate any concerns about the constitutionality of the conduct of trials and the entry of judgment by non-Article III judicial officers * * *.
 
 
 18
 812 F.2d at 647; see also E.E.O.C. v. West Louisiana Health Servs., Inc., 959 F.2d 1277, 1281 (5th Cir.1992) (consent to trial by magistrate judge under § 636(c) cannot be implied); Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam) ("[W]e lack jurisdiction to review the Magistrate's order because there is no clear and unambiguous statement in the record indicating that the parties consented to the exercise of plenary jurisdiction by the Magistrate."); Alaniz v. California Processors, Inc., 690 F.2d 717, 720 (9th Cir.1982) (per curiam) (clear and unambiguous consent required to vest magistrate with authority under § 636(c)). We have found no contrary authority construing § 636(c).
 
 
 19
 We agree with the eleventh circuit that accepting an "implied" waiver would not adequately protect the constitutional right to be heard by an article III judge, at least at the threshold of a party's participation in a case. Express consent by the "intervenors" is lacking in this case. Nor may consent be inferred from the "intervenors' " earlier role as majority shareholders of the plaintiff corporation, for they now seek to protect different interests. Simply put, Doo, Mu, and Cheng were not parties to the action when the original consents to referral were executed and they have not yet, themselves, consented to exercise of plenary jurisdiction by the magistrate judge. Moreover, we reject plaintiffs' suggestion that for consent-to-referral purposes, "intervenors" merely "stand in the shoes of NY Chinese, and [are] bound by its conduct in the lawsuit."
 
 
 20
 Without the consent of the "intervenors", the magistrate judge's order has the effect only of a report and recommendation to the district judge, who upon the filing of objections must review de novo the recommendation. Fed.R.Civ.P. 72(b). See, e.g., Stanley v. Amoco Oil Co., 965 F.2d 203, 204 (7th Cir.1992) (per curiam) ("in the absence of consent, review of a magistrate judge's decision lies in the district court", citing Jaliwala v. United States, 945 F.2d 221 (7th Cir.1991)); Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989) (magistrate judge not authorized to render final decisions under 28 U.S.C. § 1291 absent both designation by district court and consent of parties under 28 U.S.C. § 636(c)).
 
 
 21
 Accordingly, Judge Sweet erred in dismissing the "intervenors' " objections. We resolve today only the narrow question of who must decide an applicant's motion for intervention. We express no opinion on the merits of the "intervenors' " motion, and we are not presented with nor do we purport to address the question of what authority a successful intervenor might have to challenge pre-intervention orders of a magistrate judge who acted with the consent of the original parties. See generally Arizona v. California, 460 U.S. 605, 615, 103 S.Ct. 1382, 1389, 75 L.Ed.2d 318 (1983) ("permission to intervene does not carry with it the right to relitigate matters already determined in the case"); In re Geisser, 554 F.2d 698, 705 n. 6 (5th Cir.1977) (intervenor must accept proceedings as he or she finds them and has no right to litigate issues already decided), cert. denied, 450 U.S. 1031, 101 S.Ct. 1741, 68 L.Ed.2d 226 (1981).
 
 CONCLUSION
 
 22
 Absent the "intervenors' " consent, the magistrate judge was not authorized to enter a final order denying intervention; her decision on the motion is deemed to be a report and recommendation to the district judge. Consequently, the district court did have jurisdiction to hear the "intervenors' " objections to the magistrate judge's determinations. We therefore reverse and remand to the district court with a direction to reinstate and decide the "intervenors' " objections to the magistrate judge's decision on the intervention motion.