33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Firoz JALIWALA, Plaintiff-Appellant,
v.
FIVE OCEANS GEM CORP. and Bretislav Stasny, Defendants-Appellees.
 No. 94-2024.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1994.*
Decided Aug. 30, 1994.
 
 Before EASTERBROOK, MANION and KANNE, Circuit Judges.
 
 Order
 
 1
 Almost three years ago this court dismissed an appeal from a judgment entered after trial before a magistrate judge. 945 F.2d 221 (1991). Two of the parties had not consented to the entry of final judgment by a magistrate judge, so we lacked jurisdiction under 29 U.S.C. Sec. 636(c). After we dismissed the appeal, a district judge held a bench trial and entered findings of fact and conclusions of law. Plaintiff Firoz Jaliwala, who prevailed before the magistrate judge but lost the second trial, contends that the findings of fact are clearly erroneous. We hold that they are not, see Anderson v. Bessemer City, 470 U.S. 564 (1985), and affirm.
 
 
 2
 Jaliwala entrusted jewels to Morton Dock, who sold some of them for his own account to a partnership of Five Oceans Gem Corp. and Bretislav Stasny. Dock later was indicted for this defalcation and committed suicide before he could be arrested. Five Oceans and Stasny turned their remaining inventory of Jaliwala's gems over to the FBI. This suit is largely about who has superior title to the gems: Jaliwala or the partnership that bought from Dock. The UCC provides that a dishonest merchant to whom goods have been entrusted may convey good title to a purchaser "in ordinary course of business." UCC Sec. 2-403(2). Thus the question for trial was whether the partnership bought the gems from Dock, a merchant, "in ordinary course of business." The district judge answered yes.
 
 
 3
 The principal contrary argument is that the partnership got the gems at such a low price--a steal, Jaliwala says--that the transaction must have been outside the ordinary course. But there was conflicting evidence about the price Jaliwala himself paid for the gems and the amount he expected to obtain for them--a conflict that depends in part about the meaning of coded price sheets (the district court found Jaliwala's explanation for them to be inaccurate) and in part about just how many of Jaliwala's jewels the partnership bought (the district court found that the partnership bought fewer carats than Jaliwala thinks, implying a higher price per carat). There was also a conflict about the extent to which the transaction conformed to business norms. Jaliwala emphasizes that it was conducted quickly with a stranger; the district court observed that the partners checked Dock's references and found him reputable before buying from him, and that they kept good records and retained unsold jewels in the original envelopes (unlikely steps if the buyers were suspicious about the legitimacy of the transaction).
 
 
 4
 When evidence and inferences cut both ways, the decision of the trier of fact is, as a practical matter, conclusive. This case is marked by conflicting evidence and inferences. There is accordingly no basis on which to upset the decision of the district court.
 
 AFFIRMED
 
 
 *
 The court heard oral argument on April 19, 1991, and later dismissed the appeal for want of jurisdiction. Now that the jurisdictional problem has been solved, the panel has unanimously concluded that an additional oral argument is unnecessary