**MARK I, INC., Plaintiff–Appellee,**

v.

**Cyril GRUBER, Defendant–Appellant.**

No. 94–1429.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 7, 1994.

Decided Oct. 24, 1994.

Peter J. Karabas (argued), Elizabeth E. Fiesman, Abramson & Fox, Chicago, IL, for plaintiff-appellee.

Alexander D. Kerr, Jr. (argued), Richard W. Hillsberg, Tishler & Wald, Chicago, IL, for defendant-appellant.

Before POSNER, Chief Judge, and WELLFORD * and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

■ Magistrate judges may conduct civil trials and enter final judgments, if all of the parties consent. 28 U.S.C. § 636(c); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037 (7th Cir.1984). Because this procedure entails a trial without the judicial-independence guarantees of Article III, the litigants' consent must be voluntary and explicit. *Geaney v. Carlson*, 776 F.2d 140, 142 (7th Cir. 1985). Passive acquiescence in a decision made by others does not suffice. *Silberstein v. Silberstein*, 859 F.2d 40, 42 (7th Cir.1988). Unlike some courts, e.g., *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 996 F.2d 21 (2d Cir.1993), we do not insist that the consent be in writing, but it must be on the record and unequivocal. *King v. Ionization International, Inc.*, 825 F.2d 1180, 1185 (7th Cir.1987); *Lovelace v. Dall*, 820 F.2d 223, 226 (7th Cir.1987). Unless each litigant expressly assents, the case must be tried by a district judge.

■ The need for unanimous consent sets a trap that may be sprung when parties join the case after the litigants have opted for decision by a magistrate judge. For then the newly arrived party may assume that the original choice is conclusive; or everyone may overlook the problem. But the original choice is not dispositive. Unless the latecomer, too, consents, the whole proceeding before the magistrate judge may be set at naught. *Jaliwala v. United States*, 945 F.2d 221 (7th Cir.1991); see also *Atlantic Mutual Insurance Co. v. Northwest Airlines, Inc.*, 24 F.3d 958 (7th Cir.1994). Aware of this booby trap, district courts have promulgated rules addressing the problem. For example, Local Rule 1.72(B) of the Northern District of Illinois provides that "[w]henever a party is added to a case the district judge or magistrate judge to whom the case is assigned will direct the clerk to mail to the additional party a notice of the availability of a magistrate judge to exercise jurisdiction.... Where the consent is not filed within [the time fixed], the magistrate judge will promptly send the case to the Executive Committee for reassignment to the calendar of the district judge to whom the case was previously assigned."

This suit, originally between Mark I, Inc., and R.G. International Corp., was assigned to a magistrate judge after both parties signed consent forms in May 1990. Magistrate judge Lefkow granted summary judgment to Mark I, holding that R.G.'s retention of sheets of decorative stickers, after the revocation of their consignment for sale, was conversion. 1991 WL 181061, 1991 U.S.Dist. Lexis 12546 (N.D.Ill.). The case was set for trial to determine damages and transferred to magistrate judge Pallmeyer. Before trial began, R.G. went out of business. In April 1992 Mark I filed an amended complaint adding Cyril Gruber and Ernest Robertson as defendants. Gruber and Robertson owned 50% apiece of R.G.'s stock, and Gruber made the decision to retain the stickers. The magistrate judge did not initiate the inquiry for which the local rule called, and no one else paid any attention to § 636(c). Robertson followed R.G. into bankruptcy and disappeared from this case. Gruber did not complain about the magistrate judge's role, but neither did he expressly consent to it. A trial was held in May 1993, and in December 1993 the magistrate judge awarded more

* Hon. Harry W. Wellford, of the Sixth Circuit, sitting by designation.

than \$500,000 against Gruber. 1993 U.S.Dist. LEXIS 17631.

At our request, the parties filed supplemental briefs addressing the consequences of the lack of Gruber's formal authorization. Offered a belated opportunity to make his wishes known, Gruber has declined to consent. The case therefore must be remanded for decision by a district judge unless some earlier act establishes Gruber's waiver of the safeguards provided in Article III.

■ R.G.'s consent cannot be attributed directly to Gruber; he and the corporation have been represented by different law firms and have managed their interests in the litigation independently. As a rule, a corporate officer's acts are imputed to the corporation, rather than the other way 'round. Only when the firm so neglects the corporate forms that it is nothing but a name for a proprietorship or partnership of its managers is it possible to impute corporate acts (and debts) to managers and investors. What is more, neglect of forms is a necessary but not sufficient condition for "piercing the corporate veil." Under most states' law, it is also necessary to show that the managers or investors used the corporate form to perpetrate an injustice. See *Sea–Land Services, Inc. v. Pepper Source*, 941 F.2d 519 (7th Cir.1991) (Illinois law). R.G. International was incorporated in Connecticut. Mark I has not argued that Connecticut law freely permits the attribution of corporate acts to managers and investors; indeed, it has not cited any state case on this subject. Our own investigation did not turn up any unusual rules in Connecticut law. See *SFA Folio Collections, Inc. v. Bannon*, 217 Conn. 220, 585 A.2d 666 (1991); *Season–All Industries, Inc. v. R.J. Grosso, Inc.*, 213 Conn. 486, 569 A.2d 32 (1990). The record does not permit a decision about the extent to which R.G. International observed corporate forms; at all events, Mark I does not contend that Gruber used the corporate form to commit a fraud or otherwise perpetrate an injustice in this suit. To the extent there is an "alter ego" doctrine independent of veil-piercing theories, see *NLRB v. International Measurement and Control Co.*, 978 F.2d 334 (7th Cir.1992); *Esmark, Inc. v. NLRB*, 887 F.2d

739 (7th Cir.1989), Mark I has not supplied adequate grounds for invoking it here. Throughout this litigation, Mark I has recognized that R.G. and Gruber are separate. It would have been simple for Mark I to remind the magistrate judge of the need to inquire whether Gruber would consent under § 636(c)—or to ask the magistrate judge to find that R.G.'s consent binds Gruber. That was not done, so there is no basis for finding the essential express consent, see *New York Chinese TV Programs*, 996 F.2d at 24–25.

■ Unless remarks made by Gruber's counsel at oral argument are themselves the necessary consent. Inquiries from the bench about this subject took counsel by surprise. The lawyer representing Gruber blurted out:

> I am testing my sieve-like memory on pieces of paper, but my recollection is yes, ... it was the intention of Gruber to consent to the proceeding.... Mr. Gruber had some involvement with the case and the initial decision in the consent at the corporate level.

Even assuming that the lawyer's "sieve-like memory" responded correctly to prodding, we do not believe that these answers show the essential explicit consent by Gruber. Consenting on behalf of a corporation is one thing; consenting on behalf of yourself is quite another. Managers need not pay corporate debts, and exposure to personal liability concentrates the mind. What Gruber's "intention" might have been cannot be dispositive—for unless we overrule the cases holding that express assent on the record is essential, one's thoughts do not satisfy § 636(c). Consent to trial and final decision by a magistrate waives several constitutional rights. Waivers should be explicit and on the record. Spur-of-the-moment recollections by counsel do not satisfy this standard. We need not decide whether a representation of counsel (as opposed to the litigant personally) could suffice under § 636(c), because the lack of time to reflect before making this representation renders it ineffectual as a waiver of constitutional guarantees. Compare *United States v. Teague*, 953 F.2d 1525 (11th Cir.1992) (en banc), with *United States v. Martinez*, 883 F.2d 750 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470

(1991). The magistrate judge consequently lacked authority to enter a final decision.

The judgment is vacated, and the case is remanded for decision by a judge appointed under Article III of the Constitution.

WELLFORD, Circuit Judge, concurring:

This circuit has a very strict rule with respect to required consent of a party before a magistrate judge may enter a valid final judgment as to that party's interests. In *Jaliwala v. United States,* 945 F.2d 221 (7th Cir.1991), this court went so far as to dismiss an appeal in a judgment exceeding $160,000,000 because an intervenor party had not consented orally or in writing to trial by the magistrate judge. As in this case, "both attorneys were surprised by the disclosure of the defect" during questioning at oral argument. *Id.* at 223. Appellee argued, as does Mark I, Inc. here, that consent should be implied, but this court held that "conditional or implied consent is inconsistent with what this court requires to evince a party's consent." *Id.* at 224.

While I feel that defendant Gruber received a windfall in this result, I must concur in the judgment to remand for the reasons indicated by Judge Easterbrook.