BROOK, WEINER, SERED, KREGER & WEINBERG, Plaintiff-Appellant, Cross–Appellee,

v.

COREQ, INCORPORATED, Defendant–Appellee, Cross–Appellant.

HM HOLDINGS, INCORPORATED, Plaintiff–Appellee,

v.

Sharyn L. RANKIN, as Personal Representative of the Estate of Robert S. Rankin, Defendant–Appellant.

Nos. 94–3265, 94–3442 and 94–3533.

United States Court of Appeals, Seventh Circuit.

Submitted April 14, 1995.

Decided May 8, 1995.

Gerald B. Lurie (submitted), Janice Duban, Rudnick & Wolfe, Chicago, IL, Daniel W. Glavin, Andrew J. Fetsch, Beckman, Kelly & Smith, Hammond, IN, and Steven A. Weiss, and Donna M. Maus, Schopf & Weiss, Chicago, IL, for plaintiffs.

William J. Moran, Leonard M. Holajter, Friedrich, Bomberger, Tweedle & Blackmun, Highland, IN, and William J. Kunkle, Jr., Joseph A. Strubbe, Stephen McKenna and Raymond F. Benkoczy, Phelan, Pope, Cahill & Devine, Chicago, IL, for defendants.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Litigants may permit magistrate judges to decide civil cases. 28 U.S.C. § 636(c)(1). An appeal from the magistrate judge's decision comes straight to the court of appeals. 28 U.S.C. § 636(c)(3). But unless all parties consent on the record, the magistrate judge may do no more than make a recommendation, and the parties must present their objections to the district court. Our staff therefore looks closely at appeals from magistrate judges to ensure that the appeal has come to the right court. When the staff cannot find consents from all parties, the court calls for jurisdictional memoranda. We have consolidated for decision two cases in which a substitution of parties raised a question whether there had been effective consent.

HM Holdings sued Robert Rankin; both parties consented under § 636(c)(1), and a magistrate judge conducted all further proceedings. Before trial Robert Rankin died; his wife Sharyn was substituted as the personal representative of his estate. The estate lost and took an appeal; Sharyn Rankin now insists that, because she did not file a consent, the magistrate judge lost power to

enter a final decision. Bercoon, Weiner, Glick & Brook, a partnership, sued Manufacturers Hanover International Corporation. After a series of corporate mergers and reorganizations, Coreq, Inc., succeeded to the interest of Manufacturers Hanover and was substituted as a party. After the district judge dismissed all but one of Bercoon Weiner's claims, Coreq consented to decision by a magistrate judge on the final claim. So did Bercoon Weiner. But by the time the consent was filed in the name of Bercoon Weiner, that partnership no longer existed; a change in the identity of the partners had transformed Bercoon Weiner into Brook, Weiner, Sered, Kreger & Weinberg. The case went to trial before a magistrate judge, who entered a judgment on the jury's verdict in favor of Coreq. Brook Weiner appealed to this court. In response to our call for jurisdictional memoranda, Brook Weiner filed a document saying that it hasn't a clue which court should handle further proceedings.

■ Section 636(c)(1) permits a magistrate judge to assume the role of a district judge with the parties' consent. Because this step entails the surrender of the judicial-independence protections in Article III of the Constitution, the consent must be voluntary. *Geaney v. Carlson,* 776 F.2d 140, 142 (7th Cir. 1985). Each litigant has a right to an Article III judge, so consent must be unanimous. Parties added to the case after the original litigants have consented have an equal right to the protections of Article III, so unless their consent is procured the case must be returned to a district judge. *Mark I, Inc. v. Gruber,* 38 F.3d 369 (7th Cir.1994); *Jaliwala v. United States,* 945 F.2d 221 (7th Cir.1991); *see also Atlantic Mutual Insurance Co. v. Northwest Airlines, Inc.,* 24 F.3d 958, 960 (7th Cir.1994). This requirement supplies the foundation for Sharyn Rankin's argument. *She* did not consent, and therefore, she insists, the magistrate judge's decision must be vacated and the case retried before a district judge.

■ This argument misunderstands the nature of substitution in federal litigation. Sharyn Rankin entered the litigation under Fed.R.Civ.P. 25(a) as the legal representative of a deceased person, Brook Weiner under Fed.R.Civ.P. 25(c) as the legal successor to the original plaintiff. Their status in the litigation—like the substantive claims they raise or defend—tracks the positions of the original litigants. If Robert Rankin had waived his right to a jury trial under Fed. R.Civ.P. 38(d), Sharyn Rankin could not set aside the decision after a bench trial and start over. If Bercoon Weiner had failed to comply with its discovery obligations, leading the judge to deem a critical fact established under Fed.R.Civ.P. 37(b)(2)(A), Brook Weiner could not avoid that sanction. A successor takes over without any other change in the status of the case. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,* 754 F.2d 738, 743 (7th Cir.1985); cf. *Kaplan v. Joseph,* 125 F.2d 602, 606 (7th Cir.1942). Any other approach would make a shambles of litigation; a party could sell its interest or change its internal structure (as partnerships do frequently) and require the court to start the case from scratch. None of the litigants has offered us any reason why the principle that a successor takes the case as he finds it should not apply to consents under § 636(c)(1); we have not come up with one independently. The magistrate judges therefore possessed authority to enter final decisions, and the appeals properly lie to this court. Both cases will proceed to briefing and decision in the ordinary course.