**LAKESIDE FEEDERS, LTD., Plaintiff,**

v.

**CHICAGO MEAT PROCESSORS, INC., Defendant.**

**Neat, Inc., Claimant,**

**Chicago Meat Processors, Inc., Counter–Claimant,**

v.

**Lakeside Feeders, Ltd., Counter–Defendant.**

**No. 95 C 3655.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 8, 1999.

Sherwin D. Abrams, Terry G. Chapman, Abrams & Chapman, Chicago, IL, for Lakeside Feeders Ltd.

Glenn E. Heilizer, Laterza & Heilizer, Chicago, IL, for Chicago Meat Processors, Inc.

Marc H. Weinstein, Weinstein & Bacci, Ltd., North Riverside, IL, Andrew Theodore Staes, Jeffrey Neal Cole, James A. Murphy, Stephen David Scallan, Cole & Staes, Ltd., Chicago, IL, for Neat Inc.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is claimant Neat, Incorporated's "motion to return the case from the magistrate judge to this court due to noncompliance with 28 U.S.C. § 636(c) and Local Rule 1.72(B)." For the reasons that follow, the court denies claimant's motion.

### I. *BACKGROUND*

Plaintiff Lakeside Feeders, Limited ("Lakeside") filed suit against defendant Chicago Meat Processors, Incorporated ("CMP") on a breach-of-contract claim. Both Lakeside and CMP expressly consented pursuant to 28 U.S.C. § 636(c) to have their case tried by Magistrate Judge Guzman. On May 13, 1997, Magistrate Judge Guzman entered a judgment in the amount of $86,617 in favor of Lakeside and against CMP.

On July 1, 1997, the Clerk of the Court ("the clerk") issued citations to discover assets. These citations were directed at two companies, Grecian Delight Foods, Incorporated ("Grecian") and Quantum Foods, Incorporated ("Quantum"), which Lakeside believed were indebted to CMP. Shortly, thereafter, Lakeside moved for a turnover order directing Grecian and Quantum to pay Lakeside the money owed to CMP. Lakeside gave notice of this motion to both CMP and Neat, Incorporated ("Neat").

On July 29, 1997, the court entered an order directing Neat to file any claim it may

have to the sums owed by Grecian and Quantum. At that time, according to Neat, the clerk did not mail the consent forms to Neat pursuant to Local General Rule 1.72(B). Before Neat's attorney responded to the order, Neat contends that Gus Tountas of Neat asked if the post-judgment proceeding could be heard by another judge. Neat's former attorney stated that it was not possible to have another judge hear the post-judgment proceeding because Magistrate Judge Guzman heard the underlying case.

On August 21, 1997, Neat filed an answer to Lakeside's motion for turnover, in which Neat asserted that Grecian and Quantum ordered meat products from Neat and not from CMP and, thus, owed Neat and not CMP the money. On February 3, 1998, the court entered an agreed order which directed the clerk to disperse the funds by paying $80,600 to Lakeside and the balance to Neat.

Discovery between Lakeside and Neat proceeded. On March 2, 1998, Lakeside and Neat filed a final pretrial order with Magistrate Judge Guzman. This order includes the following explicit statement, which Neat terms as boilerplate: "Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to a magistrate judge who may conduct any or all proceedings in a jury or non jury civil matter and order the entry of judgment in this case." (D.'s Resp. at 3).

Sometime after the filing of the final pretrial order, Marc Weinstein withdrew as attorney for Neat. The law firm of Cole & Staes then appeared as counsel for Neat and proceeded to file three substantive motions before Magistrate Judge Guzman. All three of these motions were denied and the case was set for trial before Magistrate Judge Guzman. The trial was to commence December 16, 1998.[1]

According to Neat, its new attorney did not realize until sometime during the beginning of November of 1998 that Neat never received notification of the availability of the magistrate pursuant to Local General Rule 1.72. In response to this discovery, Neat filed this motion with the district court asking the court to transfer the proceedings back to the district court because it claims that it never consented to the magistrate's jurisdiction.

## II. DISCUSSION

Neat argues that this court should return the case from Magistrate Judge Guzman to the district court because it never consented to the magistrate's jurisdiction as required by 28 U.S.C. § 636(c). Neat contends that its previous attorney's uninformed acquiescence[2] is similar to passive acquiescence and thus does not satisfy the consent required by 28 U.S.C. § 636(c).

■ Pursuant to 28 U.S.C. § 636(c), a United States magistrate "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case when specially designated to exercise such jurisdiction by the district court" and when all parties have consented. 28 U.S.C. § 636(c). "The statute does not require a specific form or time of consent or even that [the consent] be in writing." *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir.1987). However, the Seventh Circuit refuses to infer consent from the parties' behavior. *Id.* The consent must be "clear and unambiguous." *Jaliwala v. United States*, 945 F.2d 221, 224 (7th Cir.1991). Although, unlike some other courts, the Seventh Circuit does not insist on written consent, the consent "must be on the record and unequivocal." *Mark I, Inc. v. Gruber*, 38 F.3d 369, 370 (7th Cir.1994).

■ Neat first argues that its previous attorney was unaware that Neat could withhold consent to the magistrate's jurisdiction. Ignorance of the law does not excuse an attorney's actions. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir.1996). Furthermore, the court believes that the attorney should have been aware of the option before he signed the final pretrial order; a suspicion of the option should have arisen in the attorney when he read the express con-

---

1. The trial date has been vacated pending this court's decision on this motion.

2. Neat calls the previous attorney's acquiescence "uninformed" because the attorney was unaware of the applicability of 28 U.S.C. § 636(c) to the post-judgment hearing.

sent provision in the final pretrial order. Neat's attorney, however, proceeded to sign the final pretrial order which expressly states that the parties consent to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c).[3] This consent is not passive. It is on the record, clear and unambiguous. Thus, the court finds the signing of the final pretrial order satisfies 28 U.S.C. § 636(c). *See King*, 825 F.2d at 1185 (finding the joint stipulation a clear statement of consent by the parties); *Chicago Tile Institute Welfare Trust v. Ability Floors, Inc.*, No. 90 C 0250, 1992 WL 44999, at *1 (N.D.Ill. Feb.28, 1992) (finding consent when the parties signed a final pretrial order containing a provision on consent to the magistrate).

Neat also argues that it would not have agreed to the magistrate's jurisdiction if it would have known that the case could be heard by the district court. Therefore, Neat claims that there was no "knowing and voluntary waiver of Neat's right to an Article III judge." Neat, however, has failed to cite any case law stating that an attorney's actions do not bind a client. In contrast, the court has found several cases which stand for the proposition that a client is bound by the actions of his attorney. *See Dunphy v. McKee*, 134 F.3d 1297, 1300 (7th Cir.1998); *United States v. Byerley*, 46 F.3d 694, 700 (7th Cir.1995); *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir.1994). Thus, the attorney's signature on the final pretrial order binds Neat.

### CONCLUSION

For the foregoing reasons, the court denies claimant Neat's "motion to return the case from the magistrate judge to this court due to non-compliance with 28 U.S.C. § 636(c) and Local General Rule 1.72(B)."

---

**3.** Although, a representative of Neat did not sign the final pretrial order, Neat is bound by the consequences of its attorney's signature. Neat, the client, is the principal and the attorney is the agent. Under agency law, Neat is bound by the actions of its attorney. *See Dunphy v. McKee*, 134 F.3d 1297, 1300 (7th Cir.1998); *United States v. Byerley*, 46 F.3d 694, 700 (7th Cir.1995).