**LAKESIDE FEEDERS, LTD., Plaintiff,**

v.

**CHICAGO MEAT PROCESSORS, INC., Defendant,**

**Neat, Inc., Claimant,**

**Chicago Meat Processors, Inc., Counter–Claimant,**

v.

**Lakeside Feeders, Ltd., Counter–Defendant.**

**No. 95 C 3655.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 12, 1999.

Sherwin D. Abrams, Terry G. Chapman, Abrams & Chapman, Chicago, IL, for Lakeside Feeders Ltd., plaintiff.

Glenn E. Heilizer, Laterza & Heilizer, Chicago, IL, for Chicago Meat Processors, Inc., defendant.

Marc H. Weinstein, Weinstein & Bacci, Ltd., North Riverside, IL, Andrew Theodore Staes, Jeffrey Neal Cole, James A. Murphy, Stephen David Scallan, Cole & Staes, Ltd., Chicago, IL, for Neat Inc., claimant.

Sherwin D. Abrams, Terry G. Chapman, Abrams & Chapman, Chicago, IL, for Lakeside Feeders Ltd, counter-defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is claimant Neat, Incorporated's "motion to reconsider the court's January 8, 1999 opinion or alternatively to certify the issues presented in that opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." For the reasons that follow, the court denies claimant's motion.

### I. BACKGROUND

For the sake of brevity, the court will not restate the facts. The facts may be found in *Lakeside Feeders, Ltd. v. Chicago Meat Processors, Inc.*, 31 F.Supp.2d 1082(N.D.Ill.1999).

On January 8, 1999, this court denied Neat, Incorporated's ("Neat") "motion to return the case from the magistrate judge to this court due to non-compliance with 28 U.S.C. § 636(c) and Local General Rule 1.72(B)." The court's basis for this decision was (1) Neat's previous attorney's act of signing the final pre-trial order which contained a provision expressly consenting to the magistrate judge's jurisdiction and (2) the principle that a client is bound by its attorney's ac-

640

tions. *Lakeside,* 31 F.Supp.2d at 1083-84 & n. 3.

In this motion, Neat argues that the district court overlooked prior controlling Seventh Circuit precedent when ruling on Neat's "motion to return the case from the magistrate judge to this court due to noncompliance with 28 U.S.C. § 636(c) and Local General Rule 1.72(B)." In support of this argument, Neat provides five bases. Neat also argues, in the alternative, that the court should allow Neat to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Each of these arguments will be discussed in turn.

## II. *DISCUSSION*

### A. *Neat's motion to reconsider*

■ Neat first moves for this court to reconsider its order of January 8, 1999. The Federal Rules of Civil Procedure do not provide for motions to reconsider interlocutory orders. However, they are frequently entertained by the court. *Navistar Int'l Transp. Corp. v. Freightliner Corp.,* No. 96 C 6922, 1998 WL 786388, at *1 (N.D.Ill. Nov. 6, 1998). Motions for reconsideration are best characterized as based in common law, *id.,* and serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir.1996); *United Air Lines, Inc. v. ALG, Inc.,* 916 F.Supp. 793, 795 (N.D.Ill.1996). In its motion, Neat contests this court's interpretation of Seventh Circuit case law.

### 1. Attorney's ignorance of his client's right to trial must operate as an excuse

■ Neat's first basis for its motion for reconsideration is its contention that its previous attorney's ignorance of Neat's right to trial in the district court must operate as an excuse for the attorney proceeding before the magistrate judge.[1] Neat contends that the district court revived the passive acquies-

cence doctrine which the Seventh Circuit rejected in *Mark I. v. Gruber,* 38 F.3d 369 (7th Cir.1994), by its previous holding that despite the attorney's ignorance there was express consent to the magistrate judge's jurisdiction. However, Neat misread this court's previous decision. This court did not revive the passive acquiescence doctrine which the Seventh Circuit has rejected. *See, e.g., Gruber,* 38 F.3d at 370 (citing *Silberstein v. Silberstein,* 859 F.2d 40, 42 (7th Cir.1988)). This court merely held that Neat's previous attorney's signing of the final pre-trial order was express consent and, thus, was not passive. *Lakeside,* 31 F.Supp.2d at 1083.

Neat compares its attorney's actions to those of the attorney in *Gruber.* In *Gruber,* Gruber's attorney did not contest to the magistrate judge's role and did not expressly consent to the magistrate judge's jurisdiction. *Gruber,* 38 F.3d at 371. The only thing which Gruber's attorney did was to remark during oral argument that he recollected there was consent. *Id.* The Seventh Circuit found that this remark did not "show the essential explicit consent." *Id.* This case is not similar to *Gruber.* In this case, the attorney for Neat signed the final pre-trial order which contained an express provision in which both parties consented to the magistrate judge's jurisdiction. The court based its decision on the explicit act of signing the final pre-trial order; the basis was not some spur-of-the-moment comment in open court.

Furthermore, Neat alleges that ignorance of the law should equal passive acquiescence. However, Neat has failed to cite any support, other than *Gruber,* for this proposition. No where in *Gruber* does the Seventh Circuit state that ignorance of the law equals passive acquiescence. Furthermore, after its own investigation, this court has found no cases which stand for such a proposition. Thus, this court will not find that ignorance of the law equates with passive acquiescence. Accordingly, this court finds that it made no manifest error of law in its previous decision, and thus, will not grant the motion to reconsider on Neat's first basis.

1. Neat alleged in its previous motion that its previous attorney passively acquiesced to the magistrate judge's jurisdiction because the attor-

ney was unaware of the applicability of 28 U.S.C. § 636(c) to post-judgment hearings. *Lakeside,* 31 F.Supp.2d at 1083 & n. 2.

## 2. Neat's attorney did not have an obligation to affirmatively remove the case

■ Neat's second basis for its motion to reconsider is that it did not have an obligation to affirmatively remove the case from the magistrate judge after reading the final pre-trial order. The court agrees with this proposition and never stated the opposite. Thus, it stands firm by its prior decision. Neat should not have signed the final pre-trial order which contained the express provision consenting to the magistrate judge's jurisdiction if it did not consent. Although, the parties could have signed the standard consent form pursuant to Local General Rule 1.72(B), by signing the final pre-trial order, Neat expressly consented to the magistrate judge's jurisdiction. *See Chicago Tile Inst. Welfare Trust v. Ability Floors, Inc.,* No. 90 C 0250, 1992 WL 44999, at *1 (N.D.Ill. Feb. 28, 1992) (finding consent when the parties signed a final pre-trial order containing a provision on consent to the magistrate judge).

Furthermore, Neat misstates this court's previous opinion. It was not "what Neat's counsel should have been aware of after reading the pre-trial statement" that operated as the required voluntary and knowing waiver. (Claimant's Mot. at 3). It was the act of signing the final pre-trial order which operated as the required and knowing waiver. Unlike *Gruber,* where the attorney made a spur-of-the-moment recollection in open court that it was Gruber's intent to consent, *Gruber,* 38 F.3d at 371, Neat's previous attorney had time to reflect before making the representation on the final pre-trial order. Because the court finds no manifest error of law in its decision that the signing of the final pre-trial order operated as the required and knowing waiver, this court will not grant Neat's motion to reconsider on its second basis.

## 3. Neat's previous attorney's signing of the final pre-trial order

Neat's third basis for reconsideration is its allegation that its previous attorney's act of signing the final pre-trial order cannot satisfy 28 U.S.C. § 636(c) because the order in-

correctly states that the parties had previously consented to the magistrate judge's jurisdiction. Neat once again relies on *Gruber* to support this contention. However, Neat incorrectly cites *Gruber* for the proposition that "an attorney's inaccurate statement concerning the status of the record does not satisfy 28 U.S.C. § 636(c)." (Claimant's Mot. at 3). The Seventh Circuit, in *Gruber,* found that "[s]pur-of-the-moment recollections by counsel" do not satisfy 28 U.S.C. § 636(c); it did not find that inaccurate statements satisfy 28 U.S.C. § 636(c). *Gruber,* 38 F.3d at 371. As previously explained, this was not a spur-of-the-moment recollection; Neat's attorney had time to reflect before signing the final pre-trial order.

Furthermore, it was not the "possibly inaccurate statement" that the parties had previously consented to the magistrate judge's jurisdiction which was the basis for the court's finding of express consent. It was the statement in the final pre-trial order that "[p]ursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to a magistrate judge who may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case." By signing the final pre-trial order, Neat expressly asserted that it consented to the magistrate judge's jurisdiction.

Neat also contends that this provision in the final pre-trial order is ambiguous as to whether it constitutes a present intent to consent and, thus, is insufficient because it cannot be found that there was unambiguous consent. *See Lovelace v. Dall,* 820 F.2d 223, 226 (7th Cir.1987). This court finds nothing ambiguous as to the intent to consent in the final pre-trial order. Thus, it is sufficient consent. Accordingly, the court finds no manifest error of law in its previous decision that Neat's attorney's act of signing the final pre-trial order satisfied 28 U.S.C. § 636(c) and, thus, this court will not grant Neat's motion to reconsider on its third basis.

## 4. Neat's constitutional right to a trial before an Article III judge

■ Neat's fourth basis for reconsideration is that, "contrary to this court's previous opinion," the case law "do[es] not uniformly

hold that unauthorized active consent (*which it was not*) would waive a litigant's constitutional right to trial before an [A]rticle III judge." (Claimant's Mot. at 4). Once again, Neat not only misstates this court's opinion but also the opinion of other courts. In support of this proposition, Neat cites *Gruber, United States v. Teague*, 953 F.2d 1525 (11th Cir.1992) (en banc) and *Adams v. United States ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942). Neat asserts that the Seventh Circuit, in *Gruber*, approvingly cited *Teague* for the broad proposition "that the consent of the litigant, not its attorney, is required to waive a constitutional right." (Claimant's Mot. at 4). However, the Seventh Circuit, in *Gruber*, merely provides *Teague* for the reader as a reference to waivers of constitutional guarantees. Furthermore, *Teague* does not stand for the broad proposition which Neat claims. In *Teague*, the Eleventh Circuit points out that criminal defendants possess, not a singular category as Neat asserts, but two categories of constitutional rights: (1) those that can be waived by the defense attorney on the defendant's behalf and (2) those that are considered "fundamental" and can be waived only by the defendant. *Teague*, 953 F.2d at 1531. Neat also misstates *Adams*. Neat asserts that *Adams* stands for the proposition that the constitutional right to a jury trial cannot be waived by the defense attorney. Although this is a true statement, *Adams* addresses the issue of whether a criminal defendant may waive his right to a jury trial without the advice of an attorney. *Adams*, 317 U.S. at 275–80, 63 S.Ct. 236. Regardless of those misstatements, the court finds that these cases are not applicable to Neat's case mainly for the simple fact that Neat is not a criminal defendant.

Neat also misstates this court's previous opinion by stating that this court "relied on the general proposition that a lawyer can waive a client's rights." (Claimant's Mot. at

4). This court did not rely on that proposition in forming its decision. The court relied on the principle that, under agency law, a client is bound by the actions of his attorney. *Lakeside*, 31 F.Supp.2d at 1083–84 & n. 3. Neat is correct in stating that none of the cases upon which this court relied involve waivers of a constitutional right. However, Neat has failed once again to provide this court with any civil case which involves an attorney waiving the right to trial in front of the district court without the client's consent.[2] Because the court finds no manifest error of law in its decision that Neat was bound by its attorney's act of signing the final pre-trial order, this court will not grant Neat's motion to reconsider on its fourth basis.

### 5. Local General Rule 1.72(B)

■ Neat's final basis for its motion to reconsider is that the court ignored Local General Rule 1.72(B). Local General Rule 1.72(B) requires that the magistrate judge direct the clerk to mail a consent form to any additional party. Local General Rule 1.72(B). The magistrate judge in this case did not follow Local General Rule 1.72(B). While the magistrate judge could have directed the clerk to mail the consent form, the court has previously stated that the provision in the final pre-trial order in which both Neat and Lakeside expressly consented to the magistrate judge's jurisdiction met the requirements of 29 U.S.C. § 636(c).[3] *See Lakeside*, 31 F.Supp.2d at 1083. Accordingly, the court finds no manifest error of law in its previous decision that Neat's attorney's act of signing the final pre-trial order satisfied 28 U.S.C. § 636(c) and, thus, this court will not grant Neat's motion to reconsider on its fifth and final basis.

### B. *Neat's request for an interlocutory appeal*

■ Neat requests, in the alternative, that the court grant Neat an interlocutory

---

2. Neat claims that *Gruber* stands for the proposition that a lawyer cannot waive a client's right to trial by the district court. However, the Seventh Circuit specifically states: "We need not decide whether a representation of counsel (as opposed to the litigant personally) could suffice under § 636(c)." *Gruber*, 38 F.3d at 371.

3. Neat's citation of *Jaliwala v. United States*, 945 F.2d 221 (7th Cir.1991), for support is inapplicable. The record, in *Jaliwala*, contained no reference to the intervenors consenting either orally or in writing. *Id.* at 223. In the present case, the record does contain explicit written consent—the final pre-trial order.

appeal pursuant to 28 U.S.C. § 1292(b) because the court's order of January 8, 1999 "involves a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Generally, "permission to take an interlocutory appeal should be granted sparingly and with discrimination." *In re Folding Carton Antitrust Litigation,* 75 F.R.D. 727, 738 (N.D.Ill. 1977). This is because interlocutory appeals tend to cause unnecessary delays in the lower court's proceedings and tend to waste overburdened judicial resources. *See Herdrich v. Pegram,* 154 F.3d 362, 368 (7th Cir. 1998) (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 473–74, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). Thus, the party seeking the interlocutory appeal must persuade the court that " 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.' " *Coopers,* 437 U.S. at 475, 98 S.Ct. 2454 (quoting *Fisons Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir. 1972)).

 In this case, Neat claims that this court's previous opinion is in conflict with Seventh Circuit precedent under 28 U.S.C. § 636(c). However, Neat has provided this court with no Seventh Circuit case law which stands for that proposition. Neat has cited decisions by the United States Courts of Appeals for the Second and Ninth Circuits. These cases, however, do not discuss Seventh Circuit case law under 28 U.S.C. § 636(c); they do not even discuss Second or Ninth Circuit case law regarding 28 U.S.C. § 636(c).[4] Finding that its previous opinion is not in conflict with any Seventh Circuit precedent as explained throughout this opinion and, thus, there is no substantial ground for a difference of opinion, this court declines to grant Neat an interlocutory appeal.

4. The cases cited by Neat are: (1) *In re Warrick,* 70 F.3d 736 (2d Cir.1995), issuing a writ of mandamus directing the United States District Court for the District of Connecticut to request return of the case from the United States District Court for the Middle District of Pennsylvania because the United States District Court for the District of Connecticut failed to consider "the convenience of [the] parties and witnesses" under 28 U.S.C. § 1404(a); (2) *Crawford v. Genuine Parts, Co., Inc.,* 947 F.2d 1405 (9th Cir.1991),

## CONCLUSION

For the foregoing reasons, the court denies claimant Neat's "motion to reconsider the court's January 8, 1999 opinion or alternatively to certify the issues presented in that opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."

granting an immediate appeal, pursuant to 28 U.S.C. § 1292(b), because jurisdiction belonged in the tribal court and not in the district court; and (3) *Young Properties v. United Equity Corp.,* 534 F.2d 847, 852 (9th Cir.1976), finding that an interlocutory appeal is available for a transfer under Rule 782 of the 1973 Bankruptcy Rules, yet declining to issue a writ of mandamus because the lower court weighed the proper factors.