**Elijah STACKHOUSE, Plaintiff,**

**Teresa Lopez, Plaintiff–Appellee,**

**All State Consultants, Inc., et al., Defendants,**

**Delta Funding Corporation, Delta Financial Corporation and Delta Funding Home Equity Loan Trust, Defendants–Appellees,**

v.

**Bertha McKNIGHT, et al., Objectors–Appellants.**

No. 05–0607–cv.

United States Court of Appeals, Second Circuit.

Feb. 22, 2006.

Karin E. Fisch, Abbey & Gardy, LLP, New York, NY, for Plaintiff–Appellee.

Martin C. Bryce, Jr., Ballard Spahr Andrews & Ingersoll, LLP, Philadelphia, PA, for Defendants–Appellees.

Nina F. Simon, AARP Foundation Litigation, Washington, DC, for Objectors–Appellants.

PRESENT: Hon. REENA RAGGI,
Hon. PETER W. HALL, Circuit Judges,
and Hon. EDWARD R. KORMAN,
District Judge.*

## SUMMARY ORDER

This appeal involves a challenge to a class action settlement of claims against Delta Funding Corporation, a mortgage lender alleged to have induced low–income minority and elderly homeowners to enter into oppressive mortgage contracts in violation of state and federal law. Objectors–Appellants, class members who objected to the settlement in the court below, contest the settlement on both substantive and procedural grounds. Substantively, appellants argue that the magistrate judge abused her discretion in certifying the class and approving the settlement. Procedurally, appellants contend that the magistrate judge erred in denying their motions to intervene and to vacate the reference of final decision–making authority to the magistrate judge. We vacate the magistrate judge's denial of the motion to intervene and remand to the district court for further proceedings in accordance with the instructions provided below.

We assume the parties' familiarity with the underlying facts of this case and here provide only those facts necessary to the disposition of the intervention issue.

### A. Background

In this class action, plaintiffs challenge defendants' lending practices as violative of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; state laws prohibiting unfair and deceptive trade practices; and the common law of unconscionability. After reaching a tentative agreement to settle the claims, the parties consented to have a magistrate judge adjudicate all further proceedings pursuant to 28 U.S.C. § 636(c). As a result, District Judge Charles P. Sifton referred the entire matter to Magistrate Judge Marilyn D. Go.

In a March 1, 2002 order, the magistrate judge preliminarily approved the class settlement and ordered class members to submit objections to the settlement by May 10, 2002. A hearing to assess the fairness of the proposed settlement was scheduled for May 24, 2002. On May 20, 2002, objectors–appellants filed motions to intervene and to vacate the reference to the magistrate judge. Although the proposed intervenors initially sought to have both motions heard before Judge Sifton, the matters were referred back to the Magistrate Judge Go. On August 9, 2004, the magistrate judge denied both motions.

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

## B. *Motion to Intervene Analysis*

We have jurisdiction to hear appeals only from final judgments. *See* 28 U.S.C. § 1291. A magistrate judge's decision can constitute a final judgment only on the consent of all parties to the dispute. *See* 28 U.S.C. § 636(c)(1); *cf. Kalan v. City of St. Francis*, 274 F.3d 1150, 1154 (7th Cir. 2001) (*per curiam*) (holding that because the parties had not consented to the reference to the magistrate judge, the court lacked jurisdiction to hear the merits of the appeal). In this case, it does not appear that the objectors–appellants gave their consent, either implicitly or explicitly, to the magistrate judge ruling on their motion to intervene.

When only the original parties to the case have consented to the jurisdiction of the magistrate judge under § 636(c), we have held that a district judge must rule on a motion to intervene brought by a third party, unless the party making the motion also specifically consents to having the magistrate judge rule on it. *See New York Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir.1993). In *Chinese TV*, this Court considered "whether the importance of consent in the statutory system for plenary referrals to a magistrate judge under 28 U.S.C. § 636(c) requires that a district judge, and not the magistrate judge, make the final determination of applicants' motion to intervene as of right when the case has been referred for all proceedings to a magistrate judge on the consent of the original parties." *Id.*

at 22. There we noted the "critical role of consent" in permitting a magistrate judge to adjudicate a ·motion to intervene, *id.* at 23, and concluded that the constitutional right to be heard by an Article III judge may be waived only with the express consent of the intervenors.[1] *Id.* at 24.

 On the record before us, we cannot conclude that the objectors consented to the magistrate judge ruling on their motion to intervene. We note that the objectors filed a motion to vacate the reference on the ground that they had not consented to it. This constitutes compelling evidence of their lack of consent to the magistrate judge ruling upon the motion to intervene. Certainly, the record is barren of any evidence that the objectors expressly consented to be bound by the decision of the magistrate judge on that motion. Although the objectors did not specifically object to the fact that the magistrate judge—rather than the district judge—made findings regarding the motion to intervene, this by itself does not evidence consent. *Cf. Roell v. Withrow*, 538 U.S. 580, 586, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003) (holding that consent to a designation can be inferred when parties "appear before the Magistrate Judge, without expressing any reservation, after being notified on their right to refuse"). At best, then, the evidence is inconclusive with respect to the parties' intent. This is not enough to demonstrate consent. "Without the consent of the 'intervenors,' the magistrate judge's order has the effect only of a report and recommendation to the district

---

1. The fact that the objectors–appellants may be bound by the named plaintiffs' decision to consent to the magistrate judge's § 636(c) jurisdiction, *see, e.g., Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 269 (7th Cir.1998), does not also establish implied consent to have the magistrate judge be the final adjudicator of their intervention motion. The different interests at stake in the two proceedings justify this distinction. Whereas it is in

the nature of class action litigation for class members to be bound by the procedural decisions of their chosen class representatives, when intervenors seek to join the litigation as named parties they are ordinarily seeking to protect interests adverse to the existing parties to the litigation. Therefore, intervenors have the right to have their motion heard in an Article III forum.

judge, who upon the filing of objections must review *de novo* the recommendation." *Chinese TV*, 996 F.2d at 25.

■ Based upon the reasoning in *Chinese TV*, therefore, we find that Magistrate Judge Go's order denying the motion to intervene was the equivalent of a report and recommendation subject to Judge Sifton's *de novo* review. This Court has jurisdiction only to review final judgments; it does not have jurisdiction to review reports and recommendations. We therefore remand for the district judge either to decide the intervention motion in the first instance or deem the magistrate judge's order a report and recommendation. If the latter, then the court should permit the proposed intervenors to file objections in the district court before finally deciding the motion.

Upon remand the district court should consider whether the proposed intervenors have (1) filed a timely motion; (2) shown an interest in the litigation; (3) shown that their interest may be impaired by the disposition of the action; and (4) shown that their interest is not adequately protected by the parties to the action. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001). Moreover, if the district court grants the motion to intervene, the intervenors would have the right to have all their objections to the class certification and settlement decided by the district court, which would be free to treat the magistrate judge's decision and order rejecting them as a report and recommendation. *See Williams*, 159 F.3d at 269 ("An unnamed class member who prefers an Article III forum ... may apply to the district court to intervene under Rule 24(a), become a party to the lawsuit, and then exercise [the] right to withhold ... consent to proceed before the magistrate.")

In taking up the intervention issue, the district court may also wish to consider the terms of the settlement agreement, particularly with respect to the benefits accorded the class representatives and the various subclasses. Specifically, the district court should examine the issue whether, as the proposed intervenors argue with some persuasive force, the settlement delivers greatest relief to a limited number of class members who may not present the strongest claims and whether the class representatives receive a disproportionate share of the settlement benefits as compared to absent class members. *See In re GMC Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800–01 (3d Cir.1995).

Accordingly, the judgment of the district court is **VACATED** AND **REMANDED** for further proceedings consistent with the above instructions.