NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-1123/1124
_____

JOHN M. DEWEY; PATRICK DEMARTINO; PATRICIA ROMEO; RONALD B.
MARANS; EDWARD O. GRIFFIN, ON BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED

v.

VOLKSWAGEN AKTIENGESELLSCHAFT; VOLKSWAGEN BETEILIGUNGS
GESELLSCHAFT M.B.H.; VOLKSWAGEN GROUP OF AMERICA, INC.
(FORMERLY KNOWN AS VOLKSWAGEN OF AMERICA, INC.);
AUDI AG; VOLKSWAGEN GROUP OF AMERICA, INC., d/b/a AUDI OF
AMERICA, INC.; AUDI OF AMERICA, LLC; VOLKSWAGEN DE MEXICO, S.A.
DE C.V.

(D.C. No. 2-07-cv-02249)


JACQUELINE DELGUERICO; LYNDA GALLO; FRANCIS NOWICKI;
KENNETH BAYER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

v.

VOLKSWAGEN OF AMERICA, INC.; VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN OF AMERICA, INC., d/b/a AUDI OF AMERICA, INC.;
VOLKSWAGEN AG; AUDI AG; VOLKSWAGEN DE MEXICO, S.A. DE. C.V.; ABC
ENTITIES 1-20

(D.C. No. 2-07-cv-02361)

David T. Murray; Jennifer B. Murray,
*Appellants in No. 13-1123*
Peter Braverman,
*Appellant in No. 13-1124*

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 07-cv-2249 and 07-cv-2361)
Magistrate Judge:  Hon. Patty Shwartz (sitting by consent)
_____

Argued
December 17, 2013

Before:   JORDAN, VANASKIE and VAN ANTWERPEN, *Circuit Judges*.

(Filed: February 12, 2014)
_____

John J. Pentz, Esq.   [ARGUED]
19 Widow Rites Lane
Sudbury, MA   01776

    *Counsel for Appellants David and Jennifer Murray*

Michael J. Epstein, Esq.   [ARGUED]
The Epstein Law Firm
340 West Passaic St.
Rochelle Park, NJ    07662
    *Counsel for Appellant Peter Braverman*

Angelo J. Genova, Esq.
Dina M. Mastellone, Esq.
Genova Burns Gianstomasi & Webster
494 Broad St. – 6th Fl.
Newark, NJ   07102

Jay P. Saltzman, Esq.
Samuel P. Sporn, Esq.
Schoengold & Sporn
19 Fulton St. – Ste. 407
New York, NY   10038
        *Counsel for Appellees John M. Dewey,*
        *Patrick DeMartino, Patricia Romeo,*
        *Ronald B. Marans and Edward O. Griffin*

David M. Freeman, Esq.
Eric D. Katz, Esq.
Matthew R. Mendelsohn, Esq.
Adam M. Slater, Esq.   [ARGUED]
Mazie, Slater, Katz & Freeman
103 Eisenhower Pkwy.
Roseland, NJ   07068
        *Counsel for Appellees Jacqueline Delguerico,*
        *Lynda Gallo, Francis Nowicki, and Kenneth Bayer*

Jeffrey L. Chase, Esq.   [ARGUED]
Herzfeld & Rubin
125 Broad St.
New York, NY 10004

Peter J. Kurshan, Esq.
Chase, Kurshan, Herzfeld & Rubin
354 Eisenhower Pkwy. – Ste. 1100
Livingston, NJ  07039
        *Counsel for Appellees Volkswagen of America Inc.,*
        *Volkswagen AG, Volkswagen Beteiligungs Gesellschaft MBH,*
        *Audi AG, Volkswagen De Mexico SA DE CV,*
        *Volkswagen Group of America, Inc., and Audi of America*

Theodore H. Frank, Esq.
Adam E. Schulman, Esq.  [ARGUED]
Center for Class Action Fairness
1718 M Street, NW – No. 236
Washington, DC   20036

David M. Nieporent, Esq.
Samuel & Stein Law Office
38 W. 32nd St. – Ste. 1210
New York, NY 10001
    *Counsel for Appellees Joshua West, Darren McKinney,*
    *Michael Sullivan, and Daniel Sibley*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

This case is before us for the second time. In 2010, then-Magistrate Judge Patty Shwartz of the United States District Court for the District of New Jersey[1] certified a class, approved a settlement, and awarded attorney's fees in a products liability suit concerning defects in cars manufactured by Volkswagen of America, Inc., Audi of America, Inc., and related entities (collectively, "Volkswagen"). We reversed and remanded because the class could not be certified under the parties' prior settlement agreement, given our determination that the representative plaintiffs were not adequate to represent the interests of the entire class. On remand and after changes to the settlement agreement, the Magistrate Judge re-certified the class, re-approved the settlement, and re-awarded attorney's fees. This time, the settlement placed all class members on equal footing, essentially eliminating the adequacy defect. The award of attorney's fees was the same as before.

---

[1] Judge Shwartz was sworn in as a United States circuit judge for this Court on April 10, 2013. She has not participated in any way in this appeal.

4

Class members David and Jennifer Murray now appeal, challenging primarily the Magistrate Judge's determination that federal law, as opposed to New Jersey law, applied to the calculation of attorney's fees. Also, another class member, Peter Braverman, appeals the Magistrate Judge's refusal to allow him to intervene in the proceedings on remand; he also echoes the Murrays' challenge to the award of attorney's fees. (We refer to the Murrays and Braverman collectively as the "Appellants.") For the reasons that follow, we will affirm.

I.    BACKGROUND

This appeal relates to a class action settlement regarding several models of Volkswagen and Audi automobiles that allegedly had defectively designed sunroofs that leaked. *See Dewey v. Volkswagen of Am.* (*Dewey I*), 728 F. Supp. 2d 546, 558 (D.N.J. 2010), *rev'd sub nom.*, *Dewey v. Volkswagen Aktiengesellschaft* (*Dewey II*), 681 F.3d 170, 175-76 (3d Cir. 2012). The District Court approved the parties' request to refer the case to a magistrate judge "to conduct all settlement proceedings and enter final judgment." *Id.* at 559 (quoting 28 U.S.C. § 636(c)). After the case was referred, *id.*, the parties requested certification of a settlement class consisting of two different groups: a "reimbursement group," which was entitled to make initial claims to an $8 million reimbursement fund for certain reimbursable repairs, and a "residual group," which was only permitted to make claims after the reimbursement group's claims were fulfilled, as long as value remained in the fund. *Dewey II*, 681 F.3d at 175-76. The settlement agreement also provided certain inspection, modification, and repair services for roof

drainage along with preventative maintenance information. *Dewey I*, 728 F. Supp. 2d at 561, 571.

After preliminarily approving the settlement and requiring notice to be issued, the Magistrate Judge held a fairness hearing to determine the value of the settlement and attorney's fees, and, on August 3, 2010, she issued an order certifying the class, approving the settlement, and granting representative plaintiffs' fee petition. *Id.* at 596-601, 616. Specifically, the Magistrate Judge determined that the settlement had a value of $69,277,430, including a combined value of $46,725,244 for service work performed on class vehicles; $1,443,299 for direct reimbursements; $8 million for the reimbursement fund; and $13,108,887 for the damage that would be prevented by the preventative-maintenance information. *Id.* at 600-01.

In determining class counsel's fee award, the Magistrate Judge applied federal law, found that the fee should be based on the percentage-of-recovery method, and awarded class counsel fees in the amount of $9,207,248.19. *Id.* at 609. She arrived at this figure by applying a 15.83% percentage-of-recovery rate to the $69,277,430 settlement valuation, which amounted to $10,967,773. *Id.* at 607. She next applied a lodestar "cross-check" to compare her determination using the percentage-of-recovery method to calculations of other federal courts in this circuit using the lodestar method and arrived at a lodestar multiplier of 2.38. *Id.* at 608-09. However, after finding that the case was not sufficiently extraordinary to warrant such a large multiplier, she reduced the lodestar multiplier to 2.0, which in turn reduced the fee award to $9,207,248.19 – 13.3%

6

of the calculated value of the settlement excepting administrative costs. *Id.* at 594 n.69, 609-16.

Following final approval of the class settlement, two groups of objectors appealed, raising a host of issues. We reversed the certification order and remanded for further proceedings based on the Supreme Court's reasoning in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). *See Dewey II*, 681 F.3d at 182-90. Specifically, we held that the named plaintiffs, all of whom were members of the reimbursement group, did not adequately represent the interests of the unnamed plaintiffs, who were members of the residual group and would not be able to access the reimbursement fund until after those of the former group exhausted their claims. *Id.* at 187, 189. Although Volkswagen also challenged the calculation of attorney's fees, we did not reach that issue.

On remand, the parties revised the settlement agreement to allow all affected class members to make initial claims to the reimbursement fund. The plaintiffs then filed a motion for final approval of the revised settlement agreement. *Dewey v. Volkswagen of Am.* (*Dewey III*), 909 F. Supp. 2d 373, 378 n.6 (D.N.J. 2012). That agreement provides that the balance of $3 million plus accumulating interest will remain available for a period of five years to be paid to class members through Volkswagen's goodwill program for further water-damage claims. *Id.* Any amount that remains in the fund after five years will be donated *cy pres*, with the District Court's approval, to an appropriate U.S. research or charitable institution for the general advancement of new automotive technologies. *Dewey I*, 728 F. Supp. 2d at 561. Notably, the total value of accepted

reimbursement claims already paid at the time the Magistrate Judge approved the revised settlement agreement was, in fact, approximately $5 million instead of the originally expected $8 million. *Dewey III*, 909 F. Supp. 2d at 393 n.21.

Five class members filed objections. Two sets of objections were overruled and those objectors have not appealed. *Id.* at 388-89. The other three – those filed by the Appellants here – were also overruled, *id.* at 391-93, and the Appellants timely appealed. After evaluating the fee request, the Magistrate Judge approved the same attorney's fee of $9,207,248.19. *Id.* at 394.

Additionally, prior to the fairness hearing, Braverman filed a motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure so that he could object to the Magistrate Judge's jurisdiction and, in turn, enable a different judge to rule on his objection to class counsels' fee request. The Magistrate Judge denied that motion. *Dewey v. Volkswagen of Am.* (*Dewey IV*), No. 07-2249, 2012 WL 8433901, at *5 (D.N.J. Nov. 26, 2012). Braverman did not file an objection to that order with the District Court but instead appealed the order directly to us. The named plaintiffs and class members Joshua West, Darren McKinney, and Michael Sullivan (the "West Appellees") responded to Appellants. (We refer to the named plaintiffs and the West Appellees collectively as the "Appellees.") Volkswagen also responded, but only to Braverman.[2]

---

[2] Although its brief adresses Braverman's attempt to intervene, Volkswagen acknowledged at oral argument that it only intended to respond to what it believed was Braverman's attack on the settlement agreement itself. Once Braverman conceded, also at oral argument, that he takes issue only with the fee award, Volkswagen waived its arguments.

8

II.    DISCUSSION[3]

The Murrays make two arguments.  First, they contend that the Magistrate Judge incorrectly applied federal law in calculating attorney's fees because,"[p]ursuant to *Erie*, the award of attorneys' fees in diversity and pendent jurisdiction claims is governed by state substantive law."  (Murray Br. at 12.)  Applying New Jersey law, they argue, would reduce the fee award to "no more than $6.2 million" because the state prefers the lodestar method, not the percentage-of-recovery method, and "the district court's factual findings … make clear that this is not a case that would permit a multiplier of greater than 1.35."

---

[3] The District Court had diversity jurisdiction under the Class Action Fairness Act of 2005.  *See* 28 U.S.C. § 1332(d).  A magistrate judge may exercise jurisdiction over a case in which a federal district court had jurisdiction "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1).  Where the parties properly consent to allow the magistrate judge to exercise jurisdiction over the case, 28 U.S.C. § 636(c)(3) permits the parties to "appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge," as opposed to appealing to the district court that referred the case to the magistrate judge.  "Accordingly, [this court's] final order jurisdiction to review such an order arises from 28 U.S.C. § 636(c)(3) to the extent it is final under 28 U.S.C. § 1291."  *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 200 n.7 (3d Cir. 2004).

We review the District Court's order certifying the class for an abuse of discretion. *See In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 629 n.7 (3d Cir. 2011), *abrogated on other grounds by Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013). Similarly, "'[w]here the district court has declined to certify a subclass' and treats all class members as falling within a single class for purposes of a fund allocation, 'we will ordinarily defer to its decision unless it constituted an abuse of discretion.'" *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 326 (3d Cir. 2011) (en banc) (quoting *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 271 (3d Cir. 2009)).  An abuse of discretion "occurs if the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.  [W]hether an incorrect legal standard has been used is an issue of law to be reviewed *de novo*."  *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2009) (citations omitted) (internal quotation marks omitted).  We also review a district court's determination regarding attorney's fees for abuse of discretion.  *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 538 (3d Cir. 2009).

(*Id.*) Second, they argue that, even assuming federal law is proper, the Magistrate Judge should have reduced the fees on remand because she "overvalued the settlement in 2010 when [she] accepted Plaintiffs' expert's claim projections." (*Id.*)

Braverman echoes the Murrays' arguments and includes several additional challenges to the calculation of attorney's fees, but his primary point of contention is that he should have been allowed to intervene as of right to object to the jurisdiction of the Magistrate Judge because his interests conflict with those of the named plaintiffs. Alternatively, he argues he should have been permitted to permissively intervene under Rule 24(b) of the Federal Rules of Civil Procedure. Responding to the contention that, by failing to object to the District Court before appealing, he waived any issue relating to intervention, he argues that his motion to intervene was a dispositive motion, divesting him of his obligation to object.

### A. The Choice of Law Issue

We need not decide what law governs an award of attorney's fees in a class action settlement based purely on diversity jurisdiction because, in this case, there is no sound reason to believe the result would be different depending on the law applied. Both federal law and New Jersey law permit courts to apply the percentage-of-recovery method in class actions where attorney's fees flow from a "common fund" shared by plaintiffs. *Compare In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 732 (3d Cir. 2001) ("The percentage-of-recovery method is generally favored in cases involving a common fund, and is designed to allow courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." (footnote omitted) (quoting

10

*In re Prudential*, 148 F.3d 283, 333 (3d Cir. 1998)) (internal quotation mark omitted)), with *Sutter v. Horizon Blue Cross Blue Shield of N.J.* (*Sutter I*), 966 A.2d 508, 519 (N.J. App. Div. 2009) ("A court may consider two different methods for determining class action fees: the lodestar method and the percentage of recovery method. … The ultimate choice of methodology rests with the court's discretion.").

Granted, this case does not involve a true common fund because Volkswagen is paying the fee out of its own pocket and not through the reimbursement fund. However, where the reality is that the fund and the fee are paid from the same source – in this case, Volkswagen – the arrangement "is, for practical purposes, a constructive common fund," and courts may still apply the percent-of-fund analysis in calculating attorney's fees. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820-21 (3d Cir. 1995). New Jersey appellate courts have relied on *In re General Motors* in applying the percentage-of-recovery method to calculate attorney's fees based on constructive common funds where fees and settlement funds "come from the same source." *See Sutter I*, 966 A.2d at 519 (quoting *In re Gen. Motors*, 55 F.3d at 821).

The Murrays rely on *Rendine v. Pantzer*, 661 A.2d 1202 (N.J. 1995), for the proposition that New Jersey courts must apply the lodestar analysis, not the percentage-of-fund analysis, when calculating attorney's fees relating to common fund class action settlements.[4] But nowhere in *Rendine* did the New Jersey Supreme Court prohibit a

_____

[4] Appellants also rely on *Rendine v. Pantzer*, 661 A.2d 1202 (N.J. 1995), to challenge the Magistrate Judge's lodestar cross-check multiplier of 2.0 as too high. For example, the Murrays contend that *Rendine* "limits maximum attorneys' fees in actions brought pursuant to statutes that contain a fee-shifting provision, regardless of whether

11

percentage-of-fund analysis, nor did the case even include a class action settlement. And, aside from *Rendine*, Appellants point to no cases to support their argument. Accordingly, we find that argument unpersuasive. Because the Magistrate Judge was justified in performing a percentage-of-recovery analysis in calculating attorney's fees under both federal and New Jersey law, she did not abuse her discretion in doing so.

The Murrays also argue that, "[e]ven if New Jersey law permitted a common fund fee analysis in these circumstances, the district court erred when it used the 2010 valuation of the settlement, which was based upon an expert's projections, rather than the actual claims data available in 2012."[5] (Murray Br. at 25.) It is true that, as the Magistrate Judge acknowledged, only $5 million worth of claims had been submitted by

those actions result in the creation of a common fund." (Murray Br. at 18 (citing *Rendine*, 661 A.2d at 1231).) They argue that lodestar multipliers rarely exceed 1.35, the multiplier applied in *Rendine* itself. (*Id.*) But *Rendine* is inapplicable for two reasons. First, the Magistrate Judge in this case did not employ the lodestar method in the first instance – she instead used the lodestar cross-check as a supplement to her primary analysis under the percentage-of-recovery method. *Cf. In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005) ("The loadstar cross-check calculation need entail neither mathematical precision nor bean-counting."). Second, *Rendine* dealt with a fee-shifting statute, the New Jersey Law Against Discrimination, which requires application of the lodestar method in determining attorney's fees. *See Rendine*, 661 A.2d at 1226. Although Appellants argue that courts in New Jersey would apply the lodestar formula here because plaintiffs are prevailing parties under New Jersey's Consumer Fraud Act ("CFA") and are entitled to its fee-shifting provision, they are mistaken. The Magistrate Judge correctly pointed out that in cases such as this one, where a settlement does not entail a consent decree and therefore no court-ordered change has been achieved, a party is not "prevailing" for purposes of fee-shifting provisions. *Dewey I*, 728 F. Supp. 2d at 588 n.62; *see, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001).

[5] The remaining contentions about the fees seem to be veiled personal attacks against class counsel or arguments that clearly do not meet the abuse-of-discretion standard.

12

the settlement agreement deadline. *Dewey III*, 909 F. Supp. 2d at 393 n.21. But *In re Baby Products Antitrust Litigation*, which Appellants cite in support of their argument, held that district courts have discretion to determine whether to decrease attorney's fees to account for a potential *cy pres* component. 708 F.3d 163, 178 (3d Cir. 2013) ("We think it unwise to impose … a rule requiring district courts to discount attorneys' fees when a portion of an award will be distributed *cy pres*."). In this case, as mentioned *supra* Part I, the reimbursement fund will be distributed *cy pres* after five years. *See Dewey I*, 728 F. Supp. 2d at 561. Although the Magistrate Judge did not explicitly account for that component of the settlement agreement in re-approving the fee award, such an accounting would certainly justify maintaining the same fee-award amount as before. In addition, although at this point the value of claims already submitted is less than had been expected, drawing the line now is not necessarily the better course because additional claimants are still free to make claims against the fund. *See id.* In short, the Magistrate Judge's valuation of the settlement was within her discretion, and, on these facts, we find no reason to believe that the Magistrate Judge abused her discretion in deciding not to reduce the fee award.

### B. *Braverman's Motion to Intervene*

Braverman argues that the District Court erred in denying his motion to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure.[6] Appellees argue

---

[6] Braverman, who is not a named party, did not consent to the Magistrate Judge's jurisdiction. Unnamed class members "may apply to the district court to intervene under Rule 24(a)" to obtain the right to withhold consent to proceed before a magistrate judge. *Dewey II*, 681 F.3d at 180 (quoting *Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159

13

that he waived his right to appeal the Magistrate Judge's ruling as a matter of law because the Magistrate Judge treated the motion as non-dispositive, and thus the order was only appealable in the first instance via an objection to the District Court, pursuant to 28 U.S.C. § 636(b)(l)(A) and Rule 72.l(a)(l) of the District of New Jersey Local Rules of Civil Procedure. *See Dewey IV*, 2012 WL 8433901, at \*1 (citing *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 661 (D.N.J. 2004); *United States v. W.R. Grace & Co.*, 185 F.R.D. 184, 187 (D.N.J. 1999)). According to Appellees, if Braverman had any concerns with the Magistrate Judge's decision, he was required to first object to the District Judge, which he did not do. Braverman points out that the Third Circuit has not determined whether a motion to intervene as of right in a class action proceeding is dispositive, and he invites us to "adopt the position" of the Second and Eleventh Circuits, claiming they say it is. (Braverman Reply Br. at 2-4 & n.2 (citing *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1322 (11th Cir. 2013); *Stackhouse v. McKnight,* 168 F. App'x 464, 467 (2d Cir. 2006); *N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993)).)

But assuming without deciding that Braverman did not waive his right to appeal this issue, he cannot show that the Magistrate Judge erred in any way. Braverman failed to rebut the presumption, applicable here, that his interests were aligned with the named

F.3d 266, 269 (7th Cir. 1998)). Following that precedent, Braverman applied to the District Court to have District Judge Faith Hochberg, who initially had jurisdiction over this case, hear his motion to intervene. Instead, the Magistrate Judge considered the motion as a non-dispositive motion under 28 U.S.C. § 636(b), which empowers her to do so even absent consent of the parties.

plaintiffs. *Dewey IV*, 2012 WL 8433901, at *4-5; *see In re Cmty. Bank of No. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). The only arguments he proffers in response are that "the very nature of the objection" suggests their interests are not aligned (Braverman Opening Br. at 9) and that class counsel failed to raise certain arguments attacking the fee arrangement, suggesting a conflict of interest (Braverman Reply Br. at 5-6). Those arguments are unpersuasive. The mere fact that he objected is insufficient to rebut the presumption of aligned interests. *See Dewey IV*, 2012 WL 8433901, at *4 ("There is no indication of 'adversity of interest, collusion, and non-feasance on the part of a party to the suit' here.") Furthermore, Braverman points to nothing in the record to suggest any conflict of interest between the plaintiffs and class counsel. Thus, even if Braverman properly preserved his argument, the denial of his motion to intervene was not an abuse of discretion.[7]

III. CONCLUSION

For the foregoing reasons, we will affirm.

---

[7] Braverman also argues that he should have been permitted to permissively intervene under Rule 24(b). But he never included that request in his motion to intervene, and it was not before the Magistrate Judge in the first instance. He has therefore waived that argument here.